E. I. CONSTRUCTORS, INC. *v.* DANIEL M. SCINTO, JR., ET AL.
(5249)

DUPONT, C. J., DALY and BIELUCH, Js.

Submitted on briefs April 3—decision released September 15, 1987

*Raphael Korff* filed a brief for the appellants (defendants).

*Bernard Green* filed a brief for the appellee (plaintiff).

BIELUCH J. The defendants appeal from the judgment rendered by the trial court in accordance with a report from an attorney state trial referee. Their sole claim of error is that General Statutes § 52-549n specifically excludes reference of a case to an attorney trial referee where the amount in demand is in excess of $15,000. The defendants claim, therefore, that the Superior Court did not have jurisdiction to render the judgment in accordance with the referee's report. We find no error.

The facts are undisputed. The plaintiff brought an action against the defendants alleging fraud, misappropriation of funds and unjust enrichment. The plaintiff alleged damages in excess of $15,000 exclusive of interest and costs. On January 14, 1986, the matter was

referred to *Leonard M. Cocco,* attorney state trial referee, who rendered his findings of fact and conclusions of law on April 25, 1986, and recommended judgment for the plaintiff. The trial court accepted the referee's report and rendered judgment for the plaintiff in accordance with the referee's findings in the amount of $19,876, representing general damages, plus $5000 in exemplary damages, and interest at 10 percent from September 15, 1983. At no time, until the present appeal, did the defendants challenge the legality of having this action referred to an attorney state trial referee for trial.

The first issue we must decide is whether the defendants, by their failure to challenge the authority of the attorney state trial referee in the trial court, have waived their claim that said referee was without jurisdiction to hear this action. An attack upon the reference of a matter to an attorney state trial referee is regarded as a challenge to " 'the power of the tribunal that adjudicated [the] case to hear and determine the cause of action presented to it.' " *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 499, 508 A.2d 415 (1986), citing *Monroe* v. *Monroe,* 177 Conn. 173, 177, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979). In *Seal Audio, Inc.,* the defendant, on appeal, for the first time challenged the reference of the action for trial to an attorney state trial referee appointed by the chief justice under General Statutes § 52-434 (a) (4).[1] The court in *Seal Audio, Inc.*

---

[1] General Statutes § 52-434 (a) provides in relevant part: "STATE REFEREES. (a) Appointment of retired judges and members of the bar. Cases referred. (1) Each judge of the supreme court, each judge of the appellate court, each judge of the superior court and each judge of the court of common pleas who ceases or has ceased to hold office because of retirement other than under the provisions of section 51-49 shall be a state referee for the remainder of his term of office as a judge and shall be eligible for appointment as a state referee during the remainder of his life in the manner prescribed by law for the appointment of a judge of the court of which

ruled that since the issue was constitutional and implicated the authority of the trial referee whose action was essential for the rendition of the judgment, the failure to raise the claim first to the trial court did not bar its consideration on appeal. *Seal Audio, Inc.* v. *Bozak, Inc.,* supra. For such reason, we likewise will review the defendants' claim of a related jurisdictional issue.

The defendants claim that General Statutes § 52-549n[2] precludes reference of this matter to an attorney state trial referee because the amount in demand was in excess of $15,000. This claim is based upon a fundamental misunderstanding of the nature of an attorney state trial referee.

Attorney state trial referees are appointed by the chief justice pursuant to General Statutes § 52-434 (a) (4)

he is a member. The superior court may refer any civil, nonjury case or with the written consent of the parties or their attorneys, any civil jury case pending before the court in which the issues have been closed to such a state referee who shall have and exercise the powers of the superior court in respect to trial, judgment and appeal in the case. . . . (4) In addition to the state referees who are appointed pursuant to subdivision (1) . . . of this section, the chief justice may appoint, from qualified members of the bar of the state, as many state referees as he may from time to time deem advisable or necessary. No appointment of a member of the bar may be for a term of more than one year."

[2] "[General Statutes] Sec. 52-549n. CERTAIN CONTRACT ACTIONS REFERRED TO FACT-FINDERS. RULES OF PROCEDURE. In accordance with the provisions of section 51-14, the judges of the superior court may make such rules as they deem necessary to provide a procedure in accordance with which the court, in its discretion, may refer to a fact-finder for proceedings authorized pursuant to this chapter, any contract action pending in the superior court in which only money damages are claimed and which is based upon an express or implied promise to pay a definite sum, and in which the amount, legal interest or property in demand is less than fifteen thousand dollars exclusive of interest and costs. Such cases may be referred to a fact-finder only after the pleadings have been closed, a trial list claim has been filed, no claim for a jury trial has been filed at the time of reference, and the time prescribed in section 52-215 for filing a jury trial claim within thirty days of the return day or within ten days after the issue of fact has been joined has expired."

for a term not exceeding one year. They have no power to render a judgment. They are procedural cousins to committees appointed by the court under Practice Book § 431, and to factfinders appointed by the judges of the Superior Court under General Statutes § 52-549n and Practice Book §§ 546C and 546E, but with greater authority than such factfinders. While the name, source of appointment and scope of authority of these three adjuncts to the trial bench vary, they share the same function of factfinders "whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." *Seal Audio, Inc.* v. *Bozak, Inc.*, supra, 502. Practice Book §§ 428 through 445 govern the referral of cases to attorney state trial referees and committees and the prejudgment review of their reports. In like manner, Practice Book §§ 546B through 546K control the referral of cases to the newly created factfinders under § 52-549n and the review before judgment of their findings of fact. We take judicial notice that the attorney state trial referee in this case, Leonard M. Cocco, was appointed by the chief justice, pursuant to § 52-434 (a) (4), for the term of July 1, 1985, through June 30, 1986, which period of time included his trial of this case from January 14, 1986, to June 4, 1986.

The provisions of General Statutes § 52-549n, which was enacted as Public Acts 1982, No. 82-441, and effective July 1, 1983, and which was relied upon by the defendants, apply expressly to the category of factfinders established thereby for certain contract actions in which only money damages under $15,000 are claimed. This statute has been implemented by the adoption of Practice Book §§ 546B through 546K. Neither this statute nor its correlative rules of practice have any relation or relevancy to the appointment of attorney state trial referees under § 52-434 (a) (4) or

that statute's concomitant procedural rules. While these two judicial auxiliaries function in similar fashion on parallel tracks, the factfinders are limited in their reach to contract actions under $15,000, while attorney state trial referees reach the entire spectrum of nonjury cases. It is clear, therefore, that the statutory limits placed upon a factfinder's authority to hear a case do not similarly restrict the jurisdictional authority of an attorney state trial referee. Because the judicial officer in the present case who made the factual findings after trial which were adopted by the court was a duly appointed attorney state trial referee pursuant to § 52-434 (a) (4), he had the power to hear the case and to make findings of fact and conclusions therefrom, upon which the judgment was predicated. The defendants' argument to the contrary is wholly without merit.

There is no error.

In this opinion the other judges concurred.