## James J. McKeever *v.* Andre von Reiter
### (6034)

Bieluch, Stoughton and Norcott, Js.

Argued April 20—decision released July 19, 1988

*James J. McKeever,* pro se, the appellant (plaintiff).
*Mark F. Katz,* for the appellee (defendant).

Stoughton, J. This is an appeal from a judgment rendered for the defendant in accordance with certain findings of fact made by a factfinder. General Statutes § 52-549n.[1]

---

[1] "[General Statutes] Sec. 52-549n. CERTAIN CONTRACT ACTIONS REFERRED TO FACT-FINDERS. RULES OF PROCEDURE. In accordance with the provisions of section 51-14, the judges of the superior court may make such rules as they deem necessary to provide a procedure in accordance with which the court, in its discretion, may refer to a fact-finder for proceedings authorized pursuant to this chapter, any contract action pending

The plaintiff sought to recover for damage to his automobile engine allegedly caused by work improperly done by the defendant. The action was commenced by service of a writ of summons and complaint, and the plaintiff properly utilized form 103.1 (JD-CV-1, Rev. 9-83). See Practice Book § 49. The section of the form with the heading "case type" was completed using the judicial department case type codes contained in form 103.1. The major code designated was "C" and the minor code designated was "90," indicating a contract action.[2] After the pleadings had been closed, there having been no claim for a jury trial, the trial court referred the case to a factfinder. The factfinder made his report to the court and, after overruling an objection to the findings of fact, the court rendered judgment for the defendant. The plaintiff appeals from the judgment, claiming that the court erred in several respects. Dispositive of this appeal is the claim that the factfinder lacked jurisdiction to hear the case.

General Statutes § 52-549n provides that the court may refer to a factfinder "any contract action pending in the superior court in which only money damages are claimed and which is based upon an express or implied promise to pay a definite sum, and in which the amount, legal interest or property in demand is less than fifteen thousand dollars exclusive of interest and

in the superior court in which only money damages are claimed and which is based upon an express or implied promise to pay a definite sum, and in which the amount, legal interest or property in demand is less than fifteen thousand dollars exclusive of interest and costs. Such cases may be referred to a fact-finder only after the pleadings have been closed, a trial list claim has been filed, no claim for a jury trial has been filed at the time of reference, and the time prescribed in section 52-215 for filing a jury trial claim within thirty days of the return day or within ten days after the issue of fact has been joined has expired."

[2] These codes are used to designate any contract action except for contract actions dealing with construction, insurance policies, specific performance or collections.

costs." Practice Book § 546D[3] contains the same provision for reference to a factfinder. Only contract actions claiming money damages, based upon a promise to pay a definite sum, and in which the amount in demand is less than $15,000, may be referred to a factfinder.

The plaintiff's complaint alleged that he took his automobile to the defendant to have the oil and oil filter changed, that the engine failed while he was driving the automobile the next day, and that he discovered that there was no oil in the engine. He alleged that the damage was caused by the defendant's negligent installation of the oil filter, oil or oil plug in the automobile, and that as a result of the defendant's negligence he suffered substantial damages. Nowhere in the complaint did the plaintiff allege a contract or a promise to pay a definite sum.

Even though the plaintiff improperly coded the action on form 103.1 as a contract action, it is predicated on negligence and not on contract. The factfinder was thus not empowered to hear the case, and it should not have been referred to him.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.

---

[3] "[Practice Book] § 546D.—REFERRAL OF CASES TO FACT-FINDERS. The court, on its own motion, may refer to a fact-finder any contract action pending in the superior court in which money damages only are claimed, which is based upon an express or implied promise to pay a definite sum, and in which the amount, legal interest or property in demand is less than fifteen thousand dollars, exclusive of interest and costs. Such cases may be referred to a fact-finder only after the pleadings have been closed, a trial list claim has been filed, and the time prescribed for filing a jury trial claim has expired."