[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECT TO ATTORNEY'S FEES
In July 1986, a car operated by defendant/third party plaintiff Angela Scuderi and owned and insured by the co-defendant/third party plaintiff Ruth Scuderi, (hereinafter "plaintiff") rear-ended a car driven by the original plaintiff William D. Jones, who is no longer a party to this action. The suit between Jones and the Scuderis is has been settled by a stipulated judgment for $4,974.41; what remains before the court is the third party indemnification action against the third-party defendants, CT Page 9462 the U.S. Fidelity and Guarantee Company, and the Bridge Insurance Agency, Inc. (hereinafter "defendants"). The Bridge Insurance Agency has since been defaulted.
On November 1, 1990, the case was referred to a factfinder, (per Gill, J.). The case was heard by John L. Calvocoressi who is authorized to act as both a factfinder and an attorney trial referee under Connecticut Rules of Practice.[1]
On February 28, 1991, Calvocoressi filed his report and memorandum, which included a list of facts found, conclusions of fact, and a recommended judgment in favor of the Scuderi's in the amount of $4,974.81 and costs. The case was claimed on a motion for judgment on May 1, 1991 (per Gill, J.).
On the issue of attorney's fees, Calvocoressi stated that the "insured is entitled to his reasonable expenses of defense, but not for third party action for indemnity" (emphasis in original), but that "[t]here was no evidence as to the reasonable costs of the Scuderi's defense against Jones." On May 3, 1991, the plaintiffs filed a "motion for clarification" with respect to the issue of attorney's fees and the defendants objected to the motion. In his ruling, on June 15, 1991, Calvocoressi, treating the motion as one for articulation, declined to "amplify what has already been stated," stating that "reasonable attorney's fees are included in `reasonable expenses' and `reasonable costs"'.
Finally, on July 24, 1991, the defendant filed an "Objection to Third Party Plaintiff's Motion for Attorney's Fees."
Apparently, there is no motion for attorney's fees before the court for the defendant to object to. In addition, such a motion is not a proper one once a case has been referred to a factfinder or referee. See P.B. sections 434-44 and 546B-K. Consequently, the defendant's motion will be analyzed under the Practice Book sections governing referees and those governing factfinders.
Proceedings before attorney trial referees are governed by the procedures set forth in P.B. sections 434 through 444, Ruhl v. Fairfield, 5 Conn. App. 104, 105, 496 A.2d 994
(1985), while proceedings before factfinders are governed by P.B. sections 546B-546K, E. I. Constructors, Inc. v. Santo,12 Conn. App. 348, 352, 527 A.2d 1195 (1987). The proper way to challenge factual or legal findings of attorney trial referee is to file an objection to the acceptance on the report. P.B. section 440; Jensen's Inc. v. Killingworth, 157 Conn. 737, 743,206 A.2d 114 (1964); Seal Audio Inc. v. Bozak, 199 Conn. 496,518, 508 A.2d 415 (1986). "Objections to the acceptance of a CT Page 9463 report shall be filed within two weeks after the report or finding, or, if a motion to correct the report or finding has been made, within two weeks from the filing of the decision of the motion." P.B. section 441. Similarly, the parties have fourteen days to object the acceptance of the findings of factfinders. P.B. section 546H.
The defendant's motion was filed on July 24, 1991. Treating Calvocoressi's June 18, 1991 ruling on the so-styled "motion for clarification" as a motion to correct, or as an objection to the acceptance of finding of facts, it was filed more than a month later, is untimely and therefore not properly before the court.
Because the defendant's "objection to plaintiff's motion for attorney's fees" is not properly before the court, all that remains for the court is acceptance or rejection of Calvocoressi's report. Treating the report as that of a referee, the court shall render such judgment as the law requires. P.B. section 444. "If the court finds that the referee has materially erred in its rulings . . . or that there are other sufficient reasons why the report should not be accepted, the court shall reject the report and refer the matter to the same or another referee or revoke the reference and leave the case to be disposed of in court." P.B. section 443; Seal Audio, Inc., supra, 502-03. "The reviewing court is the effective arbiter of the law, and the legal opinions and conclusions a [factfinder or referee], like those of the parties, though they may be helpful, carry no weight not justified by their soundness as viewed by the court that renders judgment." Rostenberg-Doern, supra, quoting Seal Audio Inc., supra 510.
There is no reason why the report should be rejected based on findings of fact or conclusions of fact. Although the referee's determinations of law are not binding on the court, the court may accept the referee's determinations of law and enter judgment thereon. Dills v. Enfield, supra 712-13; Rostenberg-Doern Co., supra 300-01.
In the alternative, treating Calvocoressi as a factfinder, the court may reject the findings, or take any other action the court may deem appropriate. P.B. section 546j; Wilcox Trucking Inc. v. Mansour Builders, Inc., 20 Conn. App. 420,422, 567 A.2d 1250 (1989), cert. denied, 214 Conn. 804,873 A.2d 318 (1998). In either event, the court accepts Calvocoressi's report, and enters judgment in accordance therewith.
By the court; CHARLES D. GILL CT Page 9464 JUDGE, SUPERIOR COURT