[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:MOTION TO OPEN JUDGMENT OF DISMISSAL
On February 10, 1995, the attorney for the plaintiff filed a motion to open a judgment of dismissal entered on June 17, 1991. The motion to open the judgment of dismissal was filed well beyond the four month period set forth in General Statutes §52-212a and Practice Book § 326 which provide that such a motion must be filed within four months following the date upon which the judgment was rendered. Unless the motion is filed within the four month period, the court has no jurisdiction to open the judgment. Serrano v. Behar, 15 Conn. App. 308, 311
(1988). However, the right to open a judgment assumes that a party is given notice of the existence of that judgment and the CT Page 6153 failure to receive notice extends the time to file a motion to set aside the judgment until such time as actual or constructual notice exists. Nothe v. Nothe, 18 Conn. App. 589, 595 (1989); see also, DiSimone v. Vitello, 6 Conn. App. 390, 393 (1986).
The present action was instituted on behalf of the plaintiff in January of 1991 and seeks monetary damages for personal injuries sustained as a result of an automobile accident. A settlement conference was scheduled on June 17, 1991 and at least the attorney for the plaintiff did not appear at that conference. Accordingly, on that date, the case was dismissed for the failure of the party to appear at the conference; however, no notice of the entry of that judgment of dismissal was sent by the Clerk's Office to the attorney for the plaintiff. For an extended period of time, the parties were unaware that a dismissal had been entered and various discovery motions were filed including notices of depositions dated September 9, 1993. In addition, the deposition of the plaintiff was taken by the defendant on July 22, 1993.
The attorney who initially filed the suit on behalf of the plaintiff, who continues to be an attorney of record, did not know that a judgment of dismissal had been entered until he was informed of that fact by another attorney who filed an appearance on behalf of the plaintiff in February of 1995.
In 1994, the attorney who filed suit on behalf of the plaintiff was advised that his client wanted the file forwarded to another attorney. He complied with that request but did not withdraw his appearance in the litigation. The representative of the insurance carrier for the defendants testified that the attorney to whom the file was forwarded called her in August of 1994 and she advised, him that she would not discuss settlement because she had learned that the case had been dismissed. However the attorney who had that conversation with the representative of the insurance carrier never filed an appearance in the litigation. The Court cannot find that an attorney-client relationship existed, and therefore, that conversation does not establish notice.
In February of 1995 the plaintiff's present attorney filed an appearance on behalf of the plaintiff, in addition to the appearance of the plaintiffs' initial attorney and, at the same time, filed a motion to reopen the judgment. While there was a conversation with that attorney on October 5, 1994 wherein the CT Page 6154 representative of the insured carrier stated that the case had been dismissed, there is an insufficient basis to conclude that an attorney-client relationship existed at that time.
Accordingly, the court finds that the motion to reopen the judgment was filed within four months after the plaintiff, or someone acting as his attorney, was chargeable with actual or constructive notice of the issuance of the judgment of dismissal in June of 1991. Accordingly, under the provisions of the statute and practice book hereinbefore referred to, the motion to reopen the judgment is hereby granted.
RUSH, J.