## FORESTVILLE LUMBER COMPANY, INC. *v.* RED OAK DEVELOPMENT CORPORATION ET AL.
### (14799)

O'Connell, Lavery and Spear, Js.

Argued April 25—officially released August 27, 1996

*Dennis Alex,* for the appellant (defendant Dennis Bitzaya).

*Peter L. Lawrence,* with whom, on the brief, were *John L. Laudati* and *Lawrence J. Kiel,* for the appellee (plaintiff).

LAVERY, J. This is an appeal from a judgment rendered for the plaintiff in accordance with certain findings of fact made by a fact finder pursuant to General Statutes § 52-549n. On appeal, the defendant Dennis Bitzaya[1] claims that the trial court improperly (1) referred the case to a fact finder because the money damages claimed by the plaintiff exceeded $15,000, and (2) rendered judgment concluding that Bitzaya entered into a valid credit guarantee agreement. We conclude that the trial court improperly referred this case to a fact finder and, therefore, reverse the judgment of the trial court and remand for further proceedings.

On February 14, 1994, the plaintiff brought this action against the defendants, Bitzaya and Red Oak Development Corporation (Red Oak), claiming breach of a credit agreement. In its complaint, the plaintiff alleges that on May 27, 1988, Bitzaya, as president of Red Oak, signed and presented to the plaintiff an application for an open credit account. The credit application provided, inter alia, that all invoices not paid within thirty days shall be subject to a finance charge of 18 percent per year. The plaintiff also alleged that Bitzaya personally guaranteed the full and prompt payment of all sums due from Red Oak to the plaintiff. The complaint states that the plaintiff sold building supplies and materials to Red Oak, which has refused to make payment. The plaintiff claims that the defendants are liable to the plaintiff for $13,772.94 plus interest at 1.5 percent per month.

At the time the plaintiff brought this action, it also issued a writ for a prejudgment remedy for a $30,000 attachment of Bitzaya's real property pursuant to General Statutes § 52-278f. The plaintiff submitted an affida-

---

[1] The defendants in this case are Red Oak Development Corporation and Dennis Bitzaya. The trial court rendered judgment against both defendants. Only Bitzaya appeals from the trial court's judgment.

vit from its secretary stating that the defendants are liable to the plaintiff for a total sum of $28,099.77.[2]

The trial court referred the case to a fact finder pursuant to § 52-549n. After a hearing, the fact finder concluded that judgment should enter in favor of the plaintiff. The fact finder recommended that the trial court render judgment against the defendants in the principal amount of $13,772.94, interest through December 31, 1994, in the sum of $14,326.70, interest at the rate of 18 percent per year from January 1, 1995, through the date of judgment and attorney's fees in the amount of $2000. On April 24, 1995, the trial court approved the conclusions of the fact finder and rendered judgment accordingly pursuant to Practice Book § 546J.

The dispositive issue in this case is whether the trial court improperly referred this case to a fact finder when the pleadings indicate that the amount in demand is greater than $15,000. Section § 52-549n provides that the court may refer to a fact finder "any contract action pending in the superior court in which only money damages are claimed and which is based upon an express or implied promise to pay a definite sum, and in which the amount, legal interest or property in demand is less than fifteen thousand dollars exclusive of interest and costs." Fact finders are limited in their jurisdiction to addressing only contract matters in which the request for relief is limited to a claim for money damages less than $15,000. *McKeever* v. *von Reiter*, 15 Conn. App. 194, 196, 544 A.2d 242 (1988); see also *Serrano* v. *Behar*, 15 Conn. App. 308, 310 n.3, 544 A.2d 250 (1988).

---

[2] The affidavit states that "there is presently due the plaintiff from the defendants . . . the sum of $28,099.77 which sum is calculated as follows:

| | |
|---|---|
| Principal | $13,772.94 |
| Interest from 1/3/90 through 1/28/94 | 12,260.90 |
| Attorney's Fees | 2,065.93 |
| TOTAL | $28,099.77" |

In this case, the plaintiff seeks damages in excess of the $15,000 limit. On the face of the pleadings, the plaintiff has alleged that the defendants are liable to it for a total of $28,099.77. The plaintiff's complaint alleges that the defendants are liable to the plaintiff for contractual interest at 1.5 percent per month in addition to the $13,772.94 principal amount. The plaintiff's affidavit supporting its prejudgment remedy calculates the accrued contractual interest to be $12,260.90 at the time of the filing of the complaint. We hold that the pleadings in this case sufficiently show that the amount in demand is more than $15,000.

The plaintiff claims that this case falls within the jurisdictional limits outlined by § 52-549n because the amount in demand is less than $15,000 exclusive of interest and costs. The plaintiff argues that the accrued contractual interest should not be included as a component of the amount in demand, but should be construed as "interest and costs." The plaintiff claims that only the $13,772.94 principal amount due from the sale of the materials can be included as the amount in demand. We disagree and hold that the term "interest and costs" does not include contractual interest accrued prior to the filing of the complaint.

The phrase "interest and costs" as used in § 52-549n relates to discretionary interest that a trial court may award pursuant to General Statutes § 37-3a. *Chmielewski* v. *Aetna Casualty & Surety Co.*, 218 Conn. 646, 675–76, 591 A.2d 101 (1991); *Bertozzi* v. *McCarthy*, 164 Conn. 463, 467, 323 A.2d 553 (1973); *Spearhead Construction Corp.* v. *Bianco*, 39 Conn. App. 122, 136, 665 A.2d 86, cert. denied, 235 Conn. 928, 667 A.2d 554 (1995). Section 37-3a allows the trial court to award as damages the interest on money that has been wrongfully detained. The term "legal interest" as used in § 52-549n refers to interest that is part of the agreement between the parties, such as interest in a contract, promissory

note or revolving credit agreement. Legal interest is interest that is due and owing under the terms of the agreement at the time the plaintiff brings the action. The plaintiff's action, therefore, was beyond the jurisdiction of the fact finder because the amount in demand in this case is greater than the maximum amount set forth in § 52-549n.

The plaintiff also argues that Bitzaya waived his right to challenge the referral to a fact finder because he did not challenge the referral prior to the fact finder hearing the case. The plaintiff relies on our decision in *Beizer* v. *Goepfert,* 28 Conn. App. 693, 703, 613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1044 (1992), cert. denied, 507 U.S. 973, 113 S. Ct. 1416, 122 L. Ed. 2d 786 (1993), where we held that a party must challenge the referral of a matter by the trial court to a fact finder prior to the time the attorney fact finder begins hearing the case. In *Beizer,* the referral of the case to a fact finder did not implicate the subject matter jurisdiction of the trial court because it was properly referred under § 52-549n. Id., 702–703.

In this case, the matter was not properly referred pursuant to § 52-549n because the amount in demand was greater than $15,000. The trial court lacks subject matter jurisdiction to refer a case to a fact finder when the requirements of § 52-549n are not met. "A claim that the court lacks subject matter jurisdiction cannot be waived." *Beizer* v. *Goepfert,* supra, 28 Conn. App. 697. We conclude, therefore, that the defendant has not waived his right to challenge the referral of the matter to a fact finder.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.