## DISTER CORPORATION *v.* NORTHCO, INC., ET AL.
### (AC 17286)

O'Connell, C. J., and Schaller and Dupont, Js.

Argued September 21—officially released November 3, 1998

*Richard E. Minton*, for the appellant (named defendant).

*Gerald E. Farrell, Sr.*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The plaintiff brought this action to recover the proceeds of a cash bond posted as a court-ordered condition of dissolution of a mechanic's lien that the plaintiff had filed on certain real property. On October 21, 1996, the named defendant was defaulted for failure to appear, and on February 28, 1997, the trial court rendered judgment in favor of the plaintiff for $10,062.95 plus costs.

The named defendant's motion to open the judgment was denied from the bench by the trial court on May 19, 1997. The court denied the motion because it was not verified by the oath of the named defendant or its attorney, nor did it state in general terms the nature of the defense or show reasonable cause, or that a good defense existed at the time of the entry of the judgment. In addition, the named defendant failed to show that it was prevented by mistake, accident or other reasonable cause from defending the action, all of which are required by General Statutes § 52-212[1] and Practice Book § 17-43.[2] The defendant now claims that the trial court improperly refused to open the judgment.

Connecticut courts have frequently refused to open judgments because of a delict in compliance with the

[1] General Statutes § 52-212 provides in relevant part: "(a) Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.

"(b) The complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear. . . ."

[2] Practice Book § 17-43 (a) provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or the complainant's attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. . . ."

statute or rules of practice. We have previously held that when a defendant fails to comply with the provisions of § 52-212 and Practice Book § 17-43, the trial court properly may refuse to grant the defendant's motion to open the judgment by default. *Rocklen's Auto Parts & Service, Inc.* v. *Rakiec*, 6 Conn. App. 504, 506 A.2d 168 (1986).

The judgment is affirmed.