## SHELDON B. BUFFERD *v.* BYRON PAUL YOST ET AL.
## (AC 16918)

O'Connell, C. J., and Foti and Spear, Js.

Argued September 25—officially released November 10, 1998

*William C. Bieluch, Jr.*, for the appellant (plaintiff).

*Matthew D. Gordon*, for the appellees (defendants).

O'CONNELL, C. J. The plaintiff appeals from the trial court's denial of his motion to open a judgment of nonsuit that was rendered on July 1, 1996. On November 7, 1996, the plaintiff moved to open the judgment of nonsuit. In response, the defendant filed an objection to the motion, claiming that (1) it was filed more than four months after the entry of the nonsuit, (2) it was not verified by the plaintiff or his attorney, (3) it did not state in general terms the nature of the plaintiff's claim, (4) it did not show reasonable cause or that a good cause of action existed at the time of the entry of the judgment against him and (5) the plaintiff failed to show that he was prevented by mistake, accident or other reasonable cause from prosecuting the action.

The trial court clerk noted on the defendants' objection that it was sustained, but inconsistently noted on the motion to open that it was granted. When these conflicting notations were brought to the attention of the trial court, the trial court issued an order vacating the granting of the motion to open and denying the motion, explaining that it had always been the court's intention to sustain the defendants' objection and to deny the motion to open. This is the plaintiff's appeal from the denial of his motion to open the judgment of nonsuit. We affirm the trial court's denial of the motion to open.

Pursuant to General Statutes § 52-212,[1] a motion to set aside a judgment of nonsuit must be filed within

---

[1] General Statutes § 52-212 provides: "(a) Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reason-

four months of the date judgment was rendered. The trial court lacks jurisdiction to entertain a motion to open the judgment filed outside that four month period. *Serrano* v. *Behar*, 15 Conn. App. 308, 311, 544 A.2d 250 (1988). The motion in this case was untimely. Therefore, the trial court lacked jurisdiction to consider it. The trial court, however, could make clerical corrections. *DiSimone* v. *Vitello*, 6 Conn. App. 390, 392, 505 A.2d 745 (1986).

Additionally, we point out that the form of the motion was procedurally defective in that it did not comply with § 52-212 or Practice Book § 17-43.[2] We have previously held that when a defendant fails to comply with

able cause from prosecuting the action or making the defense.

"(b) The complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear.

"(c) The court shall order reasonable notice of the pendency of the complaint or written motion to be given to the adverse party, and may enjoin him against enforcing the judgment or decree until the decision upon the complaint or written motion."

[2] Practice Book § 17-43 provides: "(a) Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or the complainant's attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. The judicial authority shall order reasonable notice of the pendency of such written motion to be given to the adverse party, and may enjoin that party against enforcing such judgment or decree until the decision upon such written motion.

"(b) If the judicial authority opens a nonsuit entered pursuant to Section 17-31, the judicial authority as part of its order may extend the time for filing pleadings or disclosure. (See General Statutes § 52-212.)"

these requirements, the trial court may properly refuse to grant the motion to open a judgment by default. *Dister Corp.* v. *Northco, Inc.*, 50 Conn. App. 764, 719 A.2d 485 (1998); *Rocklen's Auto Parts & Service, Inc.* v. *Rakiec,* 6 Conn. App. 504, 506 A.2d 168 (1986).

The judgment is affirmed.

In this opinion the other judges concurred.