[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 104)
CT Page 10524
In 1993, the plaintiff Sheldon B. Bufferd, commenced an action against the defendants, Byron Paul Yost and Yost Associates, P.C., asserting claims for professional malpractice and negligent misrepresentation. On July 1, 1996, the court, Levin, J., rendered a judgment of nonsuit. On November 7, 1996, the plaintiff filed a motion to open the judgment of nonsuit. That motion was denied by the court, Gormley, J., on February 6, 1997. Thereafter, on February 21, 1997, the plaintiff appealed the denial of the motion to open to the Appellate Court. On November 10, 1998, the Appellate Court affirmed the denial of the motion to open.[1]
On November 17, 1999, pursuant to General Statutes § 52-592,[2]
the accidental failure of suit statute, the plaintiff filed a three-count complaint against the defendants asserting claims for professional malpractice, negligent misrepresentation and breach of contract. On January 21, 2000, the defendants filed a motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction. The defendants have submitted a memorandum of law in support of the motion, and the plaintiff has submitted a memorandum of law in opposition thereto.
"It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v.Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1999). "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." (Internal quotation marks omitted.)Federal Deposit Ins. Corp. v. Peabody. N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996)
The defendants move to dismiss the plaintiff's complaint on the ground that § 52-592 is unavailing because this action was not commenced within one year of the determination of the original action. Specifically, the defendants argue that because the plaintiff did not appeal the judgment of nonsuit, the original action was determined, for CT Page 10525 purposes of § 52-592, on July 1, 1996, when the judgment of nonsuit was rendered. The defendants argue that because the plaintiff commenced this action on November 6, 1999, more than three years after the original action was determined, § 52-592 is inapplicable and the court lacks subject matter jurisdiction. The defendants further argue that the plaintiff may not avail himself of § 52-592 because the original action did not fail for any of the enumerated statutory reasons.
In opposition to the motion, the plaintiff argues that the court has jurisdiction because he commenced this action within one year from the date that the original action was determined under § 52-592 (a). Because the judgment of nonsuit was not final until twenty days after the motion to open was denied, the plaintiff argues that the original action was determined on February 27, 1997. The plaintiff also argues that because he was not entitled to appeal the judgment of nonsuit without filing a motion to open, the period of time when the appeal of the denial of the motion to open was pending should be excluded pursuant § 52-592
(c).[3] Furthermore, the plaintiff contends that his original action was dismissed for one of the reasons enumerated in § 52-592 (a)
"General Statutes § 52-592 (a), which is part of our state's `saving statute,' allows a plaintiff to bring an action that otherwise would be barred by an applicable statute of limitations, within one year after the determination of a prior action or after the reversal of a judgment, if the `original action' has failed to be tried on the merits for any of several reasons enumerated in the statute, and if the original action was for the same cause as the later action." Peabody N.E., Inc.v. Dept. of Transportation, 250 Conn. 105, 106-07, 735 A.2d 782 (1999). "[Section] 52-592, is remedial in its character. It was passed to avoid hardships arising from an unbending enforcement of limitation statutes. . . . Its purpose is to aid the diligent suitor." (Citations omitted; internal quotation marks omitted.) Rosario v. Hasak, 50 Conn. App. 632,637, 718 A.2d 505 (1998) "[U]nder the provisions of § 52-592 (a) `original action' means the first action filed within the time allowed by the applicable statute of limitations." Pintavalle v. Valkanos,216 Conn. 412, 419, 581 A.2d 1050 (1990).
"If an action, brought pursuant to § 52-592 (a), fails, even for the statutorily enumerated reasons, and if more than one year has passed since the determination of the original action, the plaintiff will not be able to maintain an action, even though the case was not decided on its merits. Therefore, although there is a preference that cases be adjudicated on their merits, the legislature has provided only a limited mechanism by which plaintiffs may `save' deficient actions. One of those requirements is that the action be brought within one year of the determination of the original action, that is, the first action filed CT Page 10526 within the applicable statute of limitations period." Peabody N.E., Inc.v. Dept. of Transportation, supra, 250 Conn. 128.
In the present case, after the judgment of nonsuit was rendered on July 1, 1996, the plaintiff was entitled to either appeal the judgment of nonsuit within twenty days or file a motion to open within four months. See General Statutes §§ 52-211[4] and 52-212.[5] Here, because the plaintiff filed the motion to open after the twenty-day appeal period for the nonsuit, the appeal was limited to a determination of whether the trial court had jurisdiction to consider the motion and/or whether it abused its discretion in failing to open the judgment. Thus, the court could not consider the propriety of the underlying judgment of nonsuit. See Batory v. Bajor, 22 Conn. App. 4, 8-9, 575 A.2d 1042, cert. denied,215 Conn. 812, 575 A.2d 1042 (1990) ("A ruling on a timely filed motion to open is within the trial court's discretion, and appellate review is limited to whether the court has acted unreasonably or in abuse of its discretion. . . . Where, however, the motion is untimely and the time limitation has not been waived, the trial court is without jurisdiction to entertain the motion.")
Here, the Appellate Court determined that the trial court lacked jurisdiction to consider the motion to open. See Bufferd v. Yost, supra,51 Conn. App. 3. Moreover, the plaintiff did not appeal the judgment of nonsuit pursuant to § 52-211. Based on these circumstances, the court concludes that the toll provision in § 52-592 (c) does not apply to the present case.[6] Therefore, the plaintiff is not entitled to maintain the present action pursuant to § 52-592 because more than one year has passed since the original action was determined on July 1, 1996. SeeBiro v. Sidley Austin, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149415 (October 1, 1996, Tobin, J.) (17 Conn.L.Rptr. 629) (failure to meet requirements of § 52-592
could be considered a jurisdictional bar because where a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period)
Accordingly, the defendants' motion to dismiss is hereby granted.
SKOLNICK, J.