[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The state of Connecticut (hereinafter "the state") seeks to bar defendant's motion to open a judgment of paternity which was entered by default on September 16, 1991, claiming the court lacks subject matter jurisdiction, because the motion is not timely filed pursuant to General Statutes § 52-212. The court is considering the state's motion of March 5, 2002, entitled "Objection to Defendant's Motion to Open Judgement" as a motion dismiss pursuant to P.B. §§ 25-12, 13, 14, because the issue of jurisdiction is raised.
The court during oral arguments took judicial notice that subsequent to the state's filing of its objection, the defendant filed a substitute pleading, including the defendant's affidavit, thereby complying with the provisions of § 52-212 (b). The court also ruled that the issue as to whether the defendant is barred by laches from bringing this motion should properly be raised at trial.
The state instituted a petition in behalf of the plaintiff, Miranda Rucker, (hereinafter "the plaintiff"), to establish the defendant, Ali Brown, (hereinafter "the defendant") as the father of the minor child, Shaquanda Rucker, born February 6, 1990. Defendant did not appear, and the court entered a paternity judgment by default based upon the plaintiff's testimony.
The defendant seeks to open and set aside the judgment, alleging that the finding of abode service was in error because he was "living on the CT Page 5310 streets of Hartford" at the time and did not receive notice of the proceeding. The defendant further alleges facts, if proven, the court may conclude the paternity judgment was obtained by mistake or by fraud.
The state claims that the provisions of § 52-212 (a) are an absolute bar to a motion to open a default judgment if not brought within four months following the date judgment was rendered. The statute provides in relevant part: "Any judgment rendered or decree passed upon a default . . . in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket . . . upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good . . . defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the . . . defendant was prevented by mistake, accident or other reasonable cause from . . . making the defense." See also Practice Book § 17-43
(same).[1]
In support of its motion the state cites but does not discuss the facts and legal issues raised in Bufferd v. Yost, 51 Conn. App. 1, 719 A.2d 487
(1998); Ziruk v. Bedard, 45 Conn. App. 137, 695 A.2d 4, cert. denied,243 Conn. 905, 701 A.2d 339 (1997); and Serrano v. Behar,15 Conn. App. 308, 544 A.2d 250 (1988). After reviewing the decisions, the court notes that none of these decisions involved the issue presented herein, whether a motion to open a default judgment based on notice,fraud or mistake (emphasis added) can be filed after the four month period.
In each of the matters the decision was based upon the time requirements of the statute. In Bufferd v. Yost, supra, 2, 3, the trial court's denial of a motion to open was upheld in which the defendant did not file within the four month dead line. Similarly in Ziruk v. Bedard,
supra, 138-139, the trial court's decision to deny the motion to open was upheld because it was not timely filed.[2] The court had earlier denied a motion to open claiming the court lacked in personam and subject matter jurisdiction. That decision was not appealed.
The state also cites Serrano v. Behar, supra, 310, in which the appellate court found error in the trial court's opening of a judgment not filed within the four month statutory period. The defendant had timely filed a motion which lacked an accompanying affidavit. The subsequent motion was filed with an affidavit, but outside the four month limit. The court found that the trial court did not have jurisdiction to open the judgment because an untimely subsequent motion did not relate back to a "timely but incomplete motion." Serrano v. Behar, supra, 311. CT Page 5311
The court finds that these cases do not apply to this matter because none involve allegations of exceptions to the statutory period based on notice, fraud or mistake. However, when those grounds are raised in support of a motion to open and set aside which does not satisfy the statutory time requirement, there is a strong precedent in the Connecticut courts to adjudicate the matter.
The Supreme Court in a recent decision, stated that in addition to §§ 52-212 and 52-212a, a party may proceed to open a termination of parental rights judgment pursuant to common law and may also petition for a new trial. In re Jonathan M., 255 Conn. 208, 237-38, 764 A.2d 739
(2001). The Court explained that "[i]t is a well-established general rule that even a judgment rendered by the court . . . can subsequently be opened after the four month limitation . . . if it is shown that . . . the judgment, was obtained by fraud . . . or because of mutual mistake." (Internal quotation marks omitted.) Id., 238. By citing both § 52-212
and § 52-212a the court drew no distinction between judgments rendered by default or nonsuit and those that were rendered on the merits or after trial.
Similarly, the court in In re Baby Girl B., 224 Conn. 263, 283,618 A.2d 1 (1992), acknowledged that "[c]ourts have intrinsic powers,independent of statutory provisions authorizing the opening ofjudgments, to vacate any judgment obtained by fraud, duress or mutual mistake." (Emphasis added.)[3] Although the In re Baby Girl B. decision was not a review of a default judgment, the court again made no distinction between types of judgments in its discussion; rather, the Court utilized the term "any" to modify judgment, a choice of words indicating the inclusion of both judgments on the merits and judgments by default or nonsuit. Id. See also Kenworthy v. Kenworthy, 180 Conn. 129,131, 429 A.2d 837 (1980) (noting the court's power to open a judgment at any time based on fraud).
Accordingly, in two Superior Court matters, hearings were conducted on the specific issue of the opening of a default judgment of paternity. The court in Benedict v. Betancourt, Superior Court, judicial district of Waterbury, Docket No. 88402 (March 27, 1998, Doherty, J.), aff'd,53 Conn. App. 901, 734 A.2d 150 (1999) (per curiam), appeal dismissed,252 Conn. 362, 746 A.2d 784 (2000) (per curiam), heard a motion to open a default paternity after expiration of the four month period. The defendant alleged the judgment was based upon fraud. "The power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgments; hence judgments obtained by fraud may be attacked at any time." Id. See also Tiffany M. v. Walter D., Superior Court, judicial district of Hartford, Family Support Magistrate Division, Docket No. CT Page 5312 618671 (September 20, 1999, Lifshitz, F.S.M.) (13 S.M.D. 107) (After a full hearing the family support magistrate granted the motion to open the paternity judgment. Although the court found that the defendant had not met his burden of proof as to fraud, the judgment was opened based on the court's finding that the best interests of the child and the interest of correcting a material mistake outweighed the interest of preserving finality in a court proceeding.)
Based on the foregoing, the court finds that § 52-212 is not an absolute bar to the filing of a motion to open a default judgment after the four month statutory period has expired. The courts have not distinguished between judgments of default and judgments entered pursuant to stipulation or after trial, when lack of personal jurisdiction, fraud or mistake have been alleged. Therefore, the court finds authority to consider the defendant's motion to open the default judgment and denies the state's motion to dismiss.
Sandra Sosnoff Baird Family Support Magistrate