YVONNE BIRCH *v.* MARK WILLIAMS
(AC 24005)

Foti, Flynn and Bishop, Js.

Argued February 26—officially released May 4, 2004

*Neil Johnson*, for the appellant (plaintiff).

*Jon L. Schoenhorn*, with whom, on the brief, was *Matthew D. Dwyer*, for the appellee (defendant).

*Opinion*

BISHOP, J. In this breach of contract and negligence action, the plaintiff, Yvonne Birch, appeals from the judgment of the trial court rendered in favor of the defendant, Mark Williams, in accordance with the findings of a fact finder to whom the matter had been referred. The plaintiff claims that the fact finder incorrectly allowed the defendant to testify in contradiction of judicial admissions that were made in his answer to the complaint and, therefore, the rendering of judgment by the court in accordance with the report was an abuse

of discretion. After reviewing the file, we conclude that there was a significant procedural defect in the proceedings that undermines the integrity of the judgment. Consequently, we reverse the judgment of the trial court and remand the case for a new trial due to plain error, without reaching the issue initially raised on appeal.[1]

The following facts and procedural history are relevant to our disposition of the plaintiff's appeal. On July 16, 2002, the plaintiff filed a two count complaint, alleging in the first count that the defendant had breached an oral contract to repair the transmission in her 1986 Chevrolet Monte Carlo and in the second count that the defendant negligently had repaired the transmission. The defendant, who appeared pro se, filed an answer in which he admitted that he had repaired the transmission defectively after having kept the car for approximately one year.

On November 14, 2002, the court, *Hon. William R. Shaughnessy, Jr.*, judge trial referee, conducted a pretrial conference on the record. A transcript of the event discloses that Judge Shaughnessy indicated to the parties that if the case could not be settled on that date, it would be scheduled for another day and that if the parties could not reach a settlement in the morning, it would be heard by an attorney trial referee at 2 p.m. on the same day. Notwithstanding Judge Shaughnessy's stated intention to refer the matter to an attorney trial referee, the record plainly indicates that the matter was heard, instead, by a fact finder. The transcript of the contested hearing on January 23, 2003, indicates that

[1] "[O]ur sua sponte invocation of plain error review is warranted when the following requirements are satisfied: (1) we discuss the rule and articulate why it is appropriate; and (2) we give the parties an opportunity to brief the issue." *State* v. *Washington*, 39 Conn. App. 175, 179, 664 A.2d 1153 (1995). Subsequent to oral argument and at the request of this court, counsel filed supplemental briefs addressing the issue on which we decide this appeal.

it was held before Mark A. Dubois, fact finder. The report issued by Dubois was captioned "fact finder's report" and was signed by "Mark A. Dubois, fact finder." The plaintiff's objection to the report was filed in accordance with Practice Book § 23-57, which governs fact finders. The trial court file indicates that when judgment was rendered on February 17, 2003, the court noted, "judgment is entered in accordance with the findings of the fact finder . . . ." Finally, the court file reflects that when coding the case, the clerk's office noted that judgment had been entered after findings by a fact finder.[2] It is clear, therefore, that the case was referred to and heard by a fact finder, and not by an attorney trial referee.

The referral to a fact finder gives rise to a fatal defect in the judgment. Pursuant to our rules of practice and relevant statutes, fact finders and attorney trial referees are governed by different authorities. See *Rostenberg-Doern Co.* v. *Weiner*, 17 Conn. App. 294, 298, 552 A.2d 827 (1989) (noting "[w]hile attorney referees appointed pursuant to General Statutes § 52-434a (4) are authorized to hear a broader assortment of disputes involving greater monetary value, those appointed pursuant to General Statutes § 52-549n are referred to as 'fact-finders' and possess less authority"). Practice Book § 23-53 provides in relevant part that "[t]he court, on its own motion, may refer to a *fact finder* any *contract* action pending in the superior court . . . in which money damages only are claimed, which is based upon an express or implied promise to pay a definite sum, and in which the amount, legal interest or property in con-

---

[2] The form utilized by the clerk's office provides several options for noting the basis on which judgment is entered, e.g., after trial to a jury, after a court trial, after a hearing by an attorney trial referee, after a hearing by a fact finder. Only the box on the form indicating judgment after a hearing by a fact finder was checked. Although that clerical action is not binding as to the nature of the hearing, we note that it is consistent with the court's determination.

troversy is less than $50,000, exclusive of interest and costs. . . ." (Emphasis added.)[3] We note that there is no provision in our statutes or rules of practice for the referral of a noncontract action to a fact finder. The provision in our rules of practice relating to attorney trial referees, however, permits the court to refer *any* civil nonjury matter to an attorney trial referee with the consent of the parties. See Practice Book § 19-2A.[4]

The defendant argues, nevertheless, that under our holding in *Beizer* v. *Goepfert*, 28 Conn. App. 693, 613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1044 (1992), cert. denied, 507 U.S. 973, 113 S. Ct. 1416, 122 L. Ed. 2d 786 (1993), an objection to an improper referral

[3] General Statutes § 52-549n provides: "In accordance with the provisions of section 51-14, the judges of the Superior Court may make such rules as they deem necessary to provide a procedure in accordance with which the court, in its discretion, may refer to a fact-finder for proceedings authorized pursuant to this chapter, any contract action pending in the Superior Court, except claims under insurance contracts for uninsured and or underinsured motorist coverage, in which only money damages are claimed and which is based upon an express or implied promise to pay a definite sum, and in which the amount, legal interest or property in controversy is less than fifty thousand dollars exclusive of interest and costs. Such cases may be referred to a fact-finder only after the certificate of closed pleadings has been filed, no claim for a jury trial has been filed at the time of reference, and the time prescribed in section 52-215 for filing a jury trial claim within thirty days of the return day or within ten days after the issue of fact has been joined has expired."

[4] Practice Book § 19-2A provides: "The court or judicial authority may refer to an attorney trial referee any civil nonjury case in which the issues have been closed, provided that the appearing parties or their counsel consent to the referral."

General Statutes (Rev. to 1999) § 52-434 (4), the pertinent statute, provides in relevant part: "In addition to the judge trial referees who are appointed pursuant to subdivision (1), (2) or (3) of this subsection, the Chief Justice may appoint, from qualified members of the bar of the state, who are electors and residents of this state, as many state referees as he may from time to time deem advisable or necessary. No appointment of a member of the bar may be for a term of more than three years. Notwithstanding the provisions of subsection (f) of this section, state referees appointed by the Chief Justice from members of the bar shall receive such reasonable compensation and expenses as may be determined by the Chief Justice."

to a fact finder may be waived. To the contrary, an improper referral of a negligence claim to a fact finder cannot be waived. See *McKeever* v. *von Reiter*, 15 Conn. App. 194, 196, 544 A.2d 242 (1988).

The defendant's reliance on *Beizer* is misplaced because *Beizer* did not involve the referral of a negligence claim to a fact finder. In *Beizer*, we found that a complaint that included a claim for tortious interference with a contract was, nevertheless, founded in contract because the tortious interference claim was an integral part of the contract claim. We reasoned that even though the tortious interference claim sounded in negligence, it was intertwined sufficiently with the plaintiff's contract claim to be viewed fairly as a contract claim. Thus, we concluded, the matter had been referred properly to a fact finder as a contract action. *Beizer* v. *Goepfert*, supra, 28 Conn. App. 700–703.

Accordingly, because *Beizer* did not involve two freestanding claims, one in contract and the other in tort, the fact finder's jurisdiction was not implicated. Unlike *Beizer*, however, this case does involve two freestanding claims, one in contract and another in tort. Our response, therefore, is governed by our holding in *McKeever* v. *von Reiter*, supra, 15 Conn. App. 194.

In *McKeever*, we held that because a fact finder does not have jurisdiction to hear negligence actions, the court cannot render judgment in a negligence action pursuant to a fact finder's report. Id., 196. As in *McKeever*, the underlying action sounds, in part, in negligence, and unlike the situation in *Beizer*, the negligence claim in the present action is not intertwined with the contract claim. Additionally, we note that the fact finder in the present action determined facts related to both the negligence and contract claims. It was therefore improper for the court to utilize the fact finder's report as the basis of its judgment. Consequently, the

rendering of judgment on the basis of the fact finder's report was plain error.[5]

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.

---

[5] Our Supreme Court has stated that a trial court's failure to follow the mandatory provisions of a statute prescribing trial procedures or to follow a procedural rule constitutes plain error. *State* v. *Johnson*, 214 Conn. 161, 171 n.10, 571 A.2d 79 (1990); *State* v. *Pina*, 185 Conn. 473, 482, 440 A.2d 962 (1981); see also. *Cummings & Lockwood* v. *Gray*, 26 Conn. App. 293, 300, 600 A.2d 1040 (1991).