WALTER F. GRYSKIEWICZ *v.* PAUL E. MORGAN

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued March 1—decided March 15, 1960

*Richard H. Simons,* for the appellant (plaintiff).

*Howard F. Zoarski,* with whom, on the brief, was *T. Holmes Bracken,* for the appellee (defendant).

KING, J. In January, 1950, the plaintiff instituted this action in negligence to recover for property damage to his automobile resulting from a collision with an automobile operated by the defendant. The judgment file discloses that it was not until about eight years later that issue was joined on the allegations of the complaint. A counterclaim was then filed, and issue was joined on its allegations about six weeks later. Thereafter, the action was specially assigned for trial on May 14, 1958, which

was nearly two months after the pleadings had been closed. Neither party appeared on the trial date, and the court entered a judgment of nonsuit against the plaintiff on the complaint and against the defendant on the counterclaim. The plaintiff filed a motion to open the judgment of nonsuit. From the denial of the motion the plaintiff has appealed.

The plaintiff requested no finding, and none was made. Therefore we have nothing before us, outside the bare record, on which to review the action of the court. Practice Book § 385. The facts as they appear of record have already been summarized. They disclose nothing as to why the plaintiff failed to appear for trial on the day the case was assigned, in accordance with Practice Book §§ 133 and 136, or why a nonsuit was not properly entered under § 133. *White's Appeal,* 75 Conn. 314, 318, 53 A. 582; *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 33, 82 A.2d 146. The nonsuit having been entered for failure to appear on the trial date, and not for failure to make out a prima facie case under § 52-210 of the General Statutes, it was a final judgment from which an appeal lay. Maltbie, Conn. App. Proc. § 11. And the subsequent motion to set aside the nonsuit was governed by § 52-212 rather than by § 52-211. *Bassett* v. *Foster,* 116 Conn. 29, 31, 163 A. 456; *Automotive Twins, Inc.* v. *Klein,* supra; *Stanley* v. *Hartford,* 140 Conn. 643, 648, 103 A.2d 147.

The judgment of nonsuit should have been opened if, but only if, in its sound discretion the court found that the plaintiff had shown "reasonable cause" under § 52-212. Since there is no finding, the plaintiff, on this record, has shown no cause, reasonable or otherwise, why the motion to set aside the nonsuit should have been granted. It follows that the plain-

tiff has failed to establish any error in the denial of the motion. *Stanley* v. *Hartford,* supra. This conclusion makes unnecessary a consideration of the defendant's claim that the plaintiff's motion to set aside the nonsuit was properly denied because the motion was not verified and therefore failed to conform to the requirements of § 52-212.

There is no error.

In this opinion the other judges concurred.