EDWARD STEPHENSON, JR. *v.* FRANK EVERS ET AL.
(3484)

DALY, BIELUCH and COVELLO, Js.

Argued September 18—decision released November 12, 1985

*Peter M. Ryan,* for the appellant (named defendant).

*Edward P. McCreery III,* for the appellee (plaintiff).

PER CURIAM. This is an appeal from a denial of the named defendant's motion to dissolve a prejudgment remedy. A similar action between the same parties was

previously dismissed for failure to prosecute with reasonable diligence.[1] The named defendant claims that the earlier dismissal operates as a bar to the present action under the doctrine of res adjudicata. We hold that this is not the case and find no error.

On August 6, 1984, the plaintiff commenced the present action in the Fairfield judicial district. He applied for and was granted an ex parte prejudgment remedy. The named defendant moved to dissolve the prejudgment remedy claiming that an earlier action between the same parties involving the same issues was dismissed on December 12, 1983, for failure to prosecute with reasonable diligence. This was true. The court found there was probable cause to sustain the validity of the plaintiff's complaint, rejected the claim of res adjudicata and denied the motion to dissolve. The named defendant appealed.

"The doctrine of res judicata holds that an existing final judgment *rendered upon the merits* without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties . . . in all other actions . . . ." (Emphasis added.) *Wade's Dairy, Inc.* v. *Fairfield,* 181 Conn. 556, 559, 436 A.2d 24 (1980). While a dismissal pursuant to Practice Book § 251 is undoubtedly a final judgment; see *Jenkins* v. *Ellis,* 169 Conn. 154, 159, 362 A.2d 831 (1975); the question remains whether such a dismissal constitutes a judgment on the merits.

This issue has now been definitively resolved in favor of the proposition that a dismissal pursuant to Practice Book § 251 does not constitute an adjudication on the merits and, therefore, a subsequent action between

---

[1] Practice Book § 251 provides, in pertinent part: "If a party shall fail to prosecute an action with reasonable diligence, the court may . . . render a judgment dismissing the action with costs."

the same parties involving the same issues is not barred by the doctrine of res judicata. *Milgrim* v. *Deluca,* 195 Conn. 191, 194–95, 487 A.2d 522 (1985).

There is no error.