DOREEN MORELLI *v.* MANPOWER, INC.
(11042)

DUPONT, C. J., DALY, NORCOTT, LAVERY and FREEDMAN, Js.

Argued April 30—decision released September 15, 1992

*William F. Gallagher,* for the appellant (plaintiff).

*Glory Martyn Lena,* for the appellee (third party defendant Sears, Roebuck and Company).

DUPONT, C. J. The parties were ordered to appear at a motion calendar of this court on April 30, 1992, to give reasons why this appeal should not be dismissed for lack of a final judgment pursuant to *Governors Grove Condominium Assn., Inc.* v. *Hill Development Corporation,* 187 Conn. 509, 446 A.2d 1082 (1982). The sole issue of this appeal is whether the denial of a motion to open the dismissal of a civil action pursuant to Practice Book § 251 for a failure to prosecute with due diligence is an appealable final judgment.[1] We conclude that it is not and that, therefore, we must dismiss the appeal for lack of a final judgment.

The plaintiff brought this negligence action against the defendant on August 23, 1989. The plaintiff claimed that she was injured due to the negligence of a fellow employee while she was employed at Sears, Roebuck and Company. A motion to implead by the defendant, Manpower, Inc., was granted and a third party complaint against Sears, claiming breach of contract and indemnification, was filed. On April 17, 1991, the case appeared on the Superior Court dormancy calendar, with a notice that the action would be dismissed on June 28, 1991, if counsel failed to close the pleadings or appear on that date. On June 10, 1991, the plaintiff filed a motion to exempt the action from the dormancy calendar. On June 28, 1991, the action was dismissed pursuant to Practice Book § 251 for the failure of the plaintiff to prosecute with reasonable diligence. Subsequently, the plaintiff filed a motion to open the judgment of dismissal, which was denied.[2] This appeal is from that denial.

---

[1] This court has uniformly dismissed appeals from denials of motions to open Practice Book § 251 judgments of dismissal. This, however, is the first time we have issued a written decision on such a dismissal.

[2] The plaintiff claimed that she did not receive notice of the June 28, 1991 dismissal until November 19, 1991. The plaintiff's counsel claimed that he became aware of the judgment of dismissal during a discussion with the defendant's counsel regarding a pending motion for summary judgment

In *Governors Grove Condominium Assn., Inc.* v. *Hill Development Corporation,* supra, the trial court dismissed a civil action under Practice Book § 251 on the basis of the plaintiffs' failure to prosecute with due diligence. The plaintiffs did not file an appeal from the § 251 dismissal within the twenty day appeal period, and did not file any motion during the appeal period that, if granted, would have rendered the judgment or decision ineffective. See Practice Book § 4009. After the expiration of the appeal period, but within four months of the judgment, the plaintiffs filed a motion "to open [§] 251 dismissal." The motion to open was denied and the plaintiffs filed an appeal from the denial of their motion to open.

As a threshold issue, the *Governors Grove* court considered whether the denial of the plaintiffs' motion to open a Practice Book § 251 dismissal was an appealable final judgment. The court, relying on *Nickerson* v.

---

dated July 2, 1991, which was scheduled for hearing on the short calendar of November 25, 1991. The plaintiff filed a motion to open the judgment on November 21, 1991. A hearing on the plaintiff's motion to open was scheduled for December 2, 1991, but it was not acted upon on that date. A computer generated notice, dated December 18, 1991, referring to a judgment dated December 5, 1991, was issued by the Superior Court clerk's office and stated that the plaintiff's motion to open the judgment was granted. Thereafter, the motion to open appeared on the December 9, 1991 calendar and the trial court, *Aronson, J.,* denied the motion to open. Notice of this decision was issued on December 9, 1991.

The denial was based on *Serrano* v. *Behar,* 15 Conn. App. 308, 544 A.2d 250 (1988), which held that a trial court has no jurisdiction to open a judgment beyond the four month period described in General Statutes § 52-212a and Practice Book § 326. See also *Van Mecklenburg* v. *Pan American World Airways, Inc.,* 196 Conn. 517, 494 A.2d 549 (1985).

On January 10, 1992, the trial court issued a notice that stated that "[c]onflicting notices were sent on this motion. Motion to reopen denied 12/9/91 per *Aronson, J.* . . . Notice granting motion sent in error. This file is dead."

Although the trial court denied the plaintiff's motion to open because she failed to comply with Practice Book § 326, and thereby ousted the trial court of jurisdiction, this court will first determine whether the Appellate Court itself has jurisdiction over this appeal.

*Gachim,* 183 Conn. 413, 439 A.2d 379 (1981), and *Snow* v. *Calise,* 174 Conn. 567, 570, 392 A.2d 440 (1978), stated that "the plaintiffs' motion 'to open [§] 251 dismissal' is a motion to restore the case to the docket." *Governors Grove Condominium Assn., Inc.* v. *Hill Development Corporation,* supra, 511. The court noted that, under Practice Book § 4009, such a motion, if filed within the twenty day appeal period, stays the expiration of the appeal period until twenty days after the issuance of notice of the decision on the motion, but that the decision on a motion to restore a case to the docket is not itself an appealable final judgment. Id., 512. The appealable final judgment was the judgment of dismissal. The timely filed motion to open that judgment could only extend the time within which to appeal the judgment but could not confer any additional rights of appeal.

Similarly, in the *Nickerson* case relied on by the court in deciding *Governors Grove,* the Supreme Court treated a motion to open a Practice Book § 251 dismissal as a request to restore the case to the trial list and stated that the "denial of a motion to open or restore a case to the trial list is not appealable." *Nickerson* v. *Gachim,* supra, 416. It is important to note that both the *Nickerson* and *Governors Grove* cases involved § 251 judgments of dismissal that were rendered without regard to the merits of the plaintiffs' claims.

In contrast to the *Governors Grove* line of Supreme Court cases, there exists another line of cases that hold that the denial of a motion to open a judgment rendered on the merits, whether filed within the twenty day appeal period or not, is an appealable final judgment in and of itself. See *Norwich* v. *Lebanon,* 193 Conn. 342, 346 n.4, 477 A.2d 115 (1984); *State* v. *Fahey,* 146 Conn. 55, 59, 147 A.2d 476 (1958). The court in *Norwich* v. *Lebanon,* supra, relying on *State* v. *Fahey,* supra, held

that the denial of such a motion to open a judgment is an appealable final judgment. *Norwich* v. *Lebanon,* supra, 346 n.4. In *Fahey,* the court held that a denial of a motion to revoke an order of reference in a condemnation proceeding is an appealable final judgment because its denial effectively prevented the defendant from raising the merits of the issue of whether the public convenience and safety required a taking of his land by eminent domain. The court, however, did not state that the denial of the motion was appealable because it rested on a judgment involving the merits of the action. The case of *Norwich* v. *Lebanon,* supra, which used *Fahey* as its precedential guidepost, involved a denial of the opening of a judgment rendered on the merits. *Norwich* resolved a dispute over the taxability of land owned by Norwich but located in Lebanon. As in *Fahey,* the *Norwich* court did not articulate the reason for its holding that the denial of the motion was a final judgment.

The plaintiff argues that the more recent case of *Norwich* v. *Lebanon,* supra, rather than *Governors Grove Condominium Assn., Inc.* v. *Hill Development Corporation,* supra, controls our disposition of this case. We disagree.

Although the *Governors Grove* and *Norwich* cases appear to represent two conflicting lines of Supreme Court precedent, in our opinion they do not. *Governors Grove* applies to denials of motions to open Practice Book § 251 dismissals, whereas *Norwich* applies to denials of motions to open judgments rendered after a hearing on the merits.

It is clear that a judgment of dismissal under Practice Book § 251 is itself a final judgment for purposes of appeal. *Jenkins* v. *Ellis,* 169 Conn. 154, 159–60, 362 A.2d 831 (1975). What is not as clear from the case law is why, if no timely appeal is taken from the judgment

of dismissal under § 251, the denial of a motion to open the judgment of dismissal is or should be treated differently, in terms of final judgment analysis, than the denial of a motion to open a judgment rendered on the merits of a case. We conclude that the distinction between these two lines of cases lies in the nature of the judgments involved.

This court and the Supreme Court have held that although a § 251 dismissal is itself an appealable final judgment, such a judgment is not an adjudication of the merits of the plaintiff's claims. *Milgrim* v. *Deluca,* 195 Conn. 191, 194–95, 487 A.2d 522 (1985); *Grier* v. *West Haven Police Department,* 8 Conn. App. 142, 510 A.2d 1376 (1986); *Stephenson* v. *Evers,* 5 Conn. App. 453, 499 A.2d 1167 (1985). Because a § 251 dismissal is not a final adjudication of the merits of the plaintiff's claims, it has been held that the judgment does not have a preclusive effect and the plaintiff is not prohibited from filing another action under the accidental failure of suit statute, General Statutes § 52-592.[3] See *Lacasse* v. *Burns,* 214 Conn. 464, 572 A.2d 357 (1990); *Gionfrido* v. *Wharf Realty, Inc.,* 193 Conn. 28, 34 n.6, 474 A.2d 787 (1984).

*Gionfrido* v. *Wharf Realty, Inc.,* supra, involved a § 251 judgment of dismissal and the denial of a timely motion to open that judgment. The plaintiff filed an appeal from the § 251 judgment of dismissal. The Supreme Court held that the trial court did not abuse its discretion in rendering a judgment of dismissal and noted that the "plaintiff is not without remedy and,

---

[3] "[General Statutes] Sec. 52-592. ACCIDENTAL FAILURE OF SUIT; ALLOWANCE OF NEW ACTION. (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . because the action has been . . . defeated . . . for any matter of form . . . the plaintiff . . . may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment. . . ."

inter alia, may commence a new action pursuant to General Statutes § 52-592 . . . ." (Internal quotation marks omitted.) Id., 34 n.6. The *Gionfrido* court further noted that a judgment of dismissal for failure to prosecute is a matter of form. Id. Such a dismissal does not preclude a litigant from commencing another action on the same claim. *Milgrim* v. *Deluca,* supra, 195.

In a recent case, *Skibeck* v. *Avon,* 24 Conn. App. 239, 242–43, 587 A.2d 166, cert. denied, 219 Conn. 912, 593 A.2d 138 (1991), this court held that " 'a dismissal of an action pursuant to Practice Book § 251 constitutes a failure "for any matter of form" within the meaning of General Statutes § 52-592 (a)' . . . a plaintiff's ability to rely on § 52-592 is limited to those cases where the § 251 dismissal is rendered after the case failed because of accident or simple negligence." (Citation omitted.) By contrast, in the cases decided under the holding of *Norwich* and *Fahey,* the judgment that the party sought to open was a final adjudication on the merits, which judgment would have res judicata effect if that party sought to file another action.

We are unaware of any Connecticut case that discusses the reason for the differing results reached in the *Governors Grove* and *Norwich* cases. We have reasoned, however, that the rationale for the distinction between the finality of the denial of motions to open that rest on judgments rendered for administrative reasons and denials of motions to open that rest on judgments rendered on the merits is that in the former another day in court will likely be available, whereas in the latter no other review can be obtained.[4]

---

[4] Although the plaintiff has not cited *Jaquith* v. *Revson,* 159 Conn. 427, 270 A.2d 559 (1970), we are aware that the denial of a motion to open a judgment of nonsuit is an appealable final judgment. The basis for the nonsuit in that case was a failure to make a counterclaim more specific. The Supreme Court did not cite *Jaquith* in *Governors Grove.* Although there are differences between a § 251 judgment of dismissal and the judgment

Because we conclude that the denial of a motion to open a § 251 dismissal where no appeal has been taken from the dismissal is not a final appealable judgment, we dismiss this appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

of nonsuit rendered in *Jaquith,* the former being a part of a court sponsored program designed to remedy docket congestion, and the latter being a sanction for failure to comply with an order of the court, the differences do not directly relate to the finality of judgments. It is not clear whether a plaintiff who has been nonsuited for failure to comply with a court order is able to bring a new action pursuant to General Statutes § 52-592. See *Lacasse* v. *Burns,* 214 Conn. 464, 473, 572 A.2d 357 (1990); *Jaconski* v. *AMF, Inc.,* 208 Conn. 230, 235 n.4, 543 A.2d 728 (1988); *Pavlinko* v. *Yale-New Haven Hospital,* 192 Conn. 138, 144, 470 A.2d 246 (1984). Although a *Jaquith*-type judgment of nonsuit does not rest on a judgment rendered on the merits, the Supreme Court may reason that, if a denial of a motion to open the judgment precludes further action, the denial should be appealable. Because the rationale of the distinction made in the present case may be weakened by *Jaquith,* we urge the Supreme Court to clarify this issue.