## DOREEN MORELLI *v.* MANPOWER, INC.
### (14624)

PETERS, C. J., CALLAHAN, BORDEN, KATZ and PALMER, Js.

Argued April 27—decision released August 3, 1993

*William F. Gallagher,* with whom were *Snow Gene Munford* and, on the brief, *Cynthia C. Bott,* for the appellant (plaintiff).

*Richard A. Roberts,* with whom was *Karen T. Gerber,* for the appellee (defendant-third party plaintiff).

*Glory Martyn Lena,* with whom was *William H. Champlin III,* for the appellee (third party defendant Sears, Roebuck and Company).

BORDEN, J. The sole issue of this appeal is whether the denial by the trial court of a motion to open a judgment of dismissal rendered pursuant to Practice Book § 251[1] is a final judgment for purposes of appeal. The plaintiff, Doreen Morelli, appeals, pursuant to our grant of certification,[2] from the judgment of the Appellate Court dismissing her appeal from the denial by the trial court of her motion to open the § 251 dismissal. *Morelli v. Manpower, Inc.,* 29 Conn. App. 132, 612 A.2d 818 (1992). We hold that the denial of a motion to open a § 251 dismissal is an appealable judgment and, accordingly, we reverse the judgment of the Appellate Court.

---

[1] Practice Book § 251 provides: "DISMISSAL FOR LACK OF DILIGENCE

"If a party ·shall fail to prosecute an action with reasonable diligence, the court may, after hearing, on motion by any party to the action pursuant to Sec. 196, or on its own motion, render a judgment dismissing the action with costs. At least two weeks' notice shall be required except in cases appearing on an assignment list for final adjudication. Judgment files shall not be drawn except where an appeal is taken or where any party so requests.

"If a case is printed on a dormancy calendar pursuant to the dormancy program administered under the direction of the chief court administrator, and a motion for default for failure to plead is filed pursuant to Sec. 128, only those papers which close the pleadings by joining issues, or raise a special defense, may be filed by any party, unless the court otherwise orders."

[2] We granted certification to appeal limited to the following issue: "Under what circumstances, if any, is the denial of a motion to open a judgment of dismissal under Practice Book § 251 an appealable judgment?" *Morelli v. Manpower, Inc.,* 224 Conn. 908, 615 A.2d 1049 (1992).

The Appellate Court opinion set forth the following facts. "The plaintiff brought this negligence action against the defendant on August 23, 1989. The plaintiff claimed that she was injured due to the negligence of a fellow employee while she was employed at Sears, Roebuck and Company. A motion to implead by the defendant, Manpower, Inc., was granted and a third party complaint against Sears, claiming breach of contract and indemnification, was filed. On April 17, 1991, the case appeared on the Superior Court dormancy calendar, with a notice that the action would be dismissed on June 28, 1991, if [the plaintiff] failed to close the pleadings or appear on that date. On June 10, 1991, the plaintiff filed a motion to exempt the action from the dormancy calendar. On June 28, 1991, the action was dismissed pursuant to Practice Book § 251 for the failure of the plaintiff to prosecute with reasonable diligence. Subsequently, the plaintiff filed a motion to open the judgment of dismissal, which was denied.[3] This appeal is from that denial." *Morelli* v. *Manpower, Inc.*, supra, 133.

[3] "The plaintiff claimed that she did not receive notice of the June 28, 1991 dismissal until November 19, 1991. The plaintiff's counsel claimed that he became aware of the judgment of dismissal during a discussion with the defendant's counsel regarding a pending motion for summary judgment dated July 2, 1991, which was scheduled for hearing on the short calendar of November 25, 1991. The plaintiff filed a motion to open the judgment on November 21, 1991. A hearing on the plaintiff's motion to open was scheduled for December 2, 1991, but it was not acted upon on that date. A computer generated notice, dated December 18, 1991, referring to a judgment dated December 5, 1991, was issued by the Superior Court clerk's office and stated that the plaintiff's motion to open the judgment was granted. Thereafter, the motion to open appeared on the December 9, 1991 calendar and the trial court, *Aronson, J.*, denied the motion to open. Notice of this decision was issued on December 9, 1991.

"The denial was based on *Serrano* v. *Behar*, 15 Conn. App. 308, 544 A.2d 250 (1988), which held that a trial court has no jurisdiction to open a judgment beyond the four month period described in General Statutes § 52-212a and Practice Book § 326. See also *Van Mecklenburg* v. *Pan American World Airways, Inc.*, 196 Conn. 517, 494 A.2d 549 (1985).

"On January 10, 1992, the trial court issued a notice that stated that

The Appellate Court dismissed the plaintiff's appeal, in justifiable reliance on our decision in *Governors Grove Condominium Assn., Inc.* v. *Hill Development Corporation,* 187 Conn. 509, 446 A.2d 1082 (1982) (*Governors Grove*), in which we held that the denial of a motion to open a § 251 dismissal is not appealable. We now conclude, however, that for two reasons *Governors Grove* should be overruled and, therefore, that the denial of a motion to open a § 251 judgment of dismissal is an appealable judgment.

First, the precedential underpinnings of *Governors Grove* are no longer sound. In *Governors Grove,* we held that a motion to open a § 251 dismissal "is a motion to restore the case to the docket"; id., 511; and that "the decision on a motion to restore a case to the docket is not itself appealable." Id., 512. For the proposition that the decision on a motion to restore a case to the docket is not appealable, *Governors Grove* relied principally on four cases: *Beard's Appeal,* 64 Conn. 526, 535, 30 A. 775 (1894); *Glazer* v. *Rosoff,* 120 Conn. 120, 122, 179 A. 407 (1935); *Miller* v. *Bridgeport Herald Corporation,* 134 Conn. 198, 201, 56 A.2d 171 (1947); and *Nickerson* v. *Gachim,* 183 Conn. 413, 416, 439 A.2d 379 (1981).

It is true that, in *Beard's Appeal,* supra, this court stated, in dictum, that there was no right of appeal from the denial of a motion to restore a case to the docket. *Beard's Appeal* did not, however, explain the rationale for that statement. That rationale was not stated until the decision in *Glazer.*

'[c]onflicting notices were sent on this motion. Motion to reopen denied 12/9/91 per *Aronson, J.* . . . . Notice granting motion sent in error. This file is dead.'

"Although the trial court denied the plaintiff's motion to open because she failed to comply with Practice Book § 326, and thereby ousted the trial court of jurisdiction, this court will first determine whether the Appellate Court itself has jurisdiction over this appeal." *Morelli* v. *Manpower, Inc.,* 29 Conn. App. 132, 133–34 n.2, 612 A.2d 818 (1992).

In *Glazer* v. *Rosoff,* supra, 122, we stated that, although a judgment striking a case from the docket was a final, appealable judgment, a "motion to restore a case struck from the docket *is like a motion to reopen a judgment; the decision upon it is not the basis of an appeal* but it may postpone the limitation of the time within which an appeal from the judgment striking the case from the docket must be taken." (Emphasis added.) The rationale, therefore, for considering the denial of a motion to restore a case to the docket as a nonappealable decision was that it was analogous to the denial of a motion to open a judgment, which apparently was nonappealable when *Glazer* was decided. *Nickerson* and *Miller* followed *Glazer* without examining its rationale, as did *Governors Grove.*

The rationale of *Glazer,* however, has not withstood the test of time. The denial of a motion to open a judgment is now appealable. *Farmers & Mechanics Savings Bank* v. *Sullivan,* 216 Conn. 341, 356, 579 A.2d 1054 (1990); *Norwich* v. *Lebanon,* 193 Conn. 342, 346 n.4, 477 A.2d 115 (1984); *Gryskiewicz* v. *Morgan,* 147 Conn. 260, 261, 159 A.2d 163 (1960); *State* v. *Fahey,* 146 Conn. 55, 59, 147 A.2d 476 (1958). Because the original analogy no longer holds true, the rationale based on that analogy must fall as well.

Indeed, we have not been fully consistent in applying the rationale of *Glazer.* On at least three occasions we have considered claims of error in the denial of motions to open § 251 dismissals, without explicitly questioning our jurisdiction to do so. See *Grunschlag* v. *Ethel Walker School, Inc.,* 190 Conn. 679, 685, 462 A.2d 1 (1983); *Jenkins* v. *Ellis,* 169 Conn. 154, 160, 362 A.2d 831 (1975); *Jaquith* v. *Revson,* 159 Conn. 427, 431, 270 A.2d 559 (1970).

Second, logic requires that the denial of a motion to open a § 251 dismissal be appealable because: (1) a § 251

dismissal is appealable; and (2) the denial of such a motion is functionally the same as the denial of a motion to open a disciplinary judgment of nonsuit, which is appealable. As this court in *Governors Grove,* supra, 510 n.2, recognized, "a dismissal under § 251 is a final judgment for purposes of appeal." *Milgrim* v. *Deluca,* 195 Conn. 191, 194, 487 A.2d 522 (1985). In terms of finality, we can perceive no difference between the judgment of dismissal itself and the denial of a motion to open that judgment. Because, pursuant to General Statutes § 52-592,[4] the accidental failure of suit stat-

---

[4] General Statutes § 52-592 provides: "ACCIDENTAL FAILURE OF SUIT; ALLOWANCE OF NEW ACTION. (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.

"(b) When any action has been brought against an executor or administrator or continued against an executor or administrator after the death of the defendant and has failed for any of the causes listed in subsection (a) of this section, the plaintiff, or his executor or administrator in case a cause of action survives, may commence a new action within six months after the determination of the original action.

"(c) If an appeal is had from any such judgment to the supreme court or appellate court, the time the case is pending upon appeal shall be excluded in computing the time as above limited.

"(d) The provisions of this section shall apply to any defendant who files a cross complaint in any action, and to any action between the same parties or the legal representatives of either of them for the same cause of action or subject of action brought to any court in this state, either before dismissal of the original action and its affirmance or within one year after the dismissal and affirmance, and to any action brought to the United States circuit or district court for the district of Connecticut which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court. If such action is within the jurisdiction of any state court, the

ute, both the dismissal and the denial of a motion to open the dismissal may be followed by reinstitution of the underlying claim regardless of whether a motion to open the judgment has been filed; see *Lacasse* v. *Burns,* 214 Conn. 464, 473, 572 A.2d 357 (1990); *Gionfrido* v. *Wharf Realty, Inc.,* 193 Conn. 28, 34 n.6, 474 A.2d 787 (1984); there is nothing less "final" about the denial of a motion to open the judgment of dismissal than there is about the judgment of dismissal itself. Furthermore, consistent with our jurisprudence that a denial of a motion to open a judgment is appealable, we have implicitly held that a denial of a motion to open a judgment of nonsuit for failure to appear for a scheduled trial is an appealable judgment. See *Gryskiewicz* v. *Morgan,* supra. We can perceive no functional difference, in terms of appealability, between a denial of a motion to open a judgment of nonsuit in such a circumstance and a denial of a motion to open a judgment of dismissal pursuant to § 251. Both denials act as disciplinary actions that, in effect, affirm the trial court's initial decision to preclude a plaintiff from pursuing his or her claim in the course of that proceeding.

The judgment of dismissal is reversed and the case is remanded to the Appellate Court for further proceedings according to law.

In this opinion the other justices concurred.

---

time for bringing the action to the state court shall commence from the date of dismissal in the United States court, or, if an appeal or writ of error has been taken from the dismissal, from the final determination of the appeal or writ of error."