104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of the
New Connecticut Bank and Trust Co., Plaintiff-Appellee,
v.
Samuel Y. GOLDING, Defendant-Appellant.
 No. 96-6077.
 United States Court of Appeals, Second Circuit.
 Sept. 11, 1996.
 
 Samuel Y. Golding, pro se, Indian Wells, CA.
 Donald E. Frechette, Edwards & Angell, Hartford, Conn.
 Present: CARDAMONE, CALABRESI, Circuit Judges.*
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued by appellant pro se and submitted by counsel for appellee.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Samuel Y. Golding appeals, pro se, from the February 12, 1996, judgment of the District Court, granting summary judgment in favor of the plaintiff Federal Deposit Insurance Corporation, as receiver for the New Connecticut Bank and Trust Co. The judgment awards the FDIC $5 million plus interest, costs, and fees, for a total of $6,118,675.40. Golding was sued on his personal guaranty of certain corporate obligations that have not been paid.
 
 
 4
 On appeal, Golding renews his claim that the FDIC was obliged to pursue various collateral and other obligors before seeking to collect on Golding's guaranty. However, the plain terms of the guaranty refute this contention. The guaranty explicitly states that the creditor "shall have no duty to collect ... any collateral ... nor to preserve any rights against other parties...."
 
 
 5
 Golding also renews his claim that it is unfair to permit the pending action after a prior state court action between the parties was dismissed for lack of prosecution. However, under state law, a state court action dismissed for want of prosecution, see Conn. Practice Book § 251, is not an adjudication on the merits entitled to res judicata effect. See Morelli v. Manpower, Inc., 29 Conn.App. 132, 137 (1992).
 
 
 6
 No trial was required, since undisputed facts demonstrated that the plaintiff was entitled to judgment.
 
 
 
 *
 Honorable Jon O. Newman, Chief Judge, originally a member of the panel, recused himself prior to oral argument, and the appeal is being disposed of by the remaining members of the panel, who are in agreement. See Second Circuit Local Rule § 0.14(b); Murray v. National Broadcasting Company, 35 F.3d 45 (2d Cir.1994)