[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 11, 1997
In this action arising out of an incident on May 31, 1992, the defendant moves to dismiss the action on the grounds that the original claim was dismissed more than a year before this action was initiated. A brief history of the claim between these parties is appropriate.
The first action arising out of this incident was returned to court on June 7, 1994. (Docket No. 94-0246086.) On June 16, 1995, the action was dismissed under P.B. § 251. On October 16, 1995, the plaintiff moved to open that dismissal. The motion was denied on November 20, 1995. On November 20, 1996, the writ in the instant action was delivered to the sheriff for service; service was made on December 4, 1996.
General Statutes § 52-592, the accidental failure of suit statute reads in pertinent part:
 (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
[Italics added.] The defendant argues that the statute does not save this action because it was brought more than a year after the dismissal of the original action. In support of his argument, CT Page 2232 the defendant cites Morrisette v. Archambault, 31 Conn. Sup. 302
(1973). In that case, the trial court sustained demurrers on the ground that the statute began to run from the date of the nonsuit and not the denial of the Motion to Open nonsuit. Since that decision, the Supreme Court decided Morelli v. Manpower, Inc.,226 Conn. 831 (1993), which dealt with the appealability of a denial of a motion to open a § 251 dismissal. In its reasoning concluding that the denial is appealable, the court said the following:
 In terms of finality, we can perceive no difference between the judgment of dismissal itself and the denial of a motion to open that judgment. Because, pursuant to General Statutes 52-592, the accidental failure of suit statute, both the dismissal and the denial of a motion to open the dismissal may be followed by reinstitution of the underlying claim regardless of whether a motion to open the judgment has been filed; see Lacasse v. Burns, 214 Conn. 464, 473, 572 A.2d 357
(1990); Gionfrido v. Wharf Realty, Inc., 193 Conn. 28, 34 n. 6, 474 A.2d 787 (1984); there is nothing less "final" about the denial of a motion to open the judgment of dismissal than there is about the judgment of dismissal itself.
226 Conn. at 836-37.
Under the current state of this area of the law, the court must deny the motion to dismiss. General Statutes § 52-592 is available to plaintiffs after § 251 dismissals, and, in light of the language of Morelli, the one-year period runs from the denial of the motion to open the § 251 dismissal.
The Motion to Dismiss is denied.
DiPENTIMA, J.