[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS COMPLAINT (DOCKET ENTRY NO. 102) AND MOTION TO DISMISS AMENDED COMPLAINT (DOCKET ENTRY NO. 108)
The plaintiff, Patrick Leonard, filed a two-count amended complaint against the defendant, Robert Lucas, pursuant to the accidental failure of suit statute, General Statutes §52-592(a).[1] The parties' dispute arises from a motor vehicle accident which occurred on January 16, 1993 in Bridgeport, Connecticut. The defendant seeks to dismiss the amended complaint based upon the fact that it was filed more than one year from the dismissal of the first action. According to the defendant, the first action was filed within the statute of limitations, but was non-suited by the court, Melville, J., on June 24, 1997. The plaintiff then moved to open the judgment of non-suit, and the motion was denied by the court, Rush, J., on November 24, 1997.
The defendant argues that the date of dismissal of the first action, June 24, 1997, started the one-year period contained in §52-592(a), and therefore, the plaintiff's original complaint filed on September 9, 1998 was untimely. The defendant contends that because the second suit must be filed within one year after the determination of the original action, the one-year period runs from the time of non-suit, since the non-suit represents the determination of the prior action.[2] The plaintiff relies uponMorelli v. Manpower, Inc., 226 Conn. 831, 628 A.2d 1311 (1993), in which the Supreme Court was asked to decide whether a denial by the trial court of a motion to open a judgment of dismissal pursuant to Practice Book § 251, now Practice Book (1998 Rev.) §14-3,[3] is a final judgment for purposes of appeal. Since the plaintiff's motion to open the judgment of dismissal in the prior action was not ruled on until November 24, 1997, the plaintiff contends that the filing of the present action on September 8, 1998 was timely. The defendant attempts to distinguish Morelli
from the present case on the ground that the issue in Morelli
was whether a dismissal pursuant to § 251, now § 14-3, was final for purposes of filing an appeal, not for computing when the one year period under § 52-592(a) begins to run. The court declines to distinguish Morelli on this ground and relies upon its earlier decision in Polesak v. Medical Laboratory Services,Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 339545 (July 17, 1997, Skolnick, J.), wherein the court determined that Morelli stands for the proposition that the one year period pursuant to § 52-592(a) commences from the time the court denies a motion to open a judgment of dismissal rather than the dismissal itself. Accord,Duhig v. Bengston, Superior Court, judicial district of New Haven at Meriden, Docket No. 255822 (March 11, 1997, DiPentima,J.) (19 CONN. L. RPTR. 17, 18); MacLaughlin v. Capital HousingCT Page 15039Finance Corp., Superior Court, judicial district of New Haven, Docket No. 340473 (December 17, 1993, Licari, J.) (10 CONN. L. RPTR. 535, 537-38).
Accordingly, the defendant's motion to dismiss the amended complaint is denied.
SKOLNICK, J.