[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
CT Page 15970
The defendant, Barr, Inc. ("Barr"), moves for a judgment of dismissal of the captioned case claiming that the action is not saved by the accidental failure of suit statute Conn. Gen. Stat. § 52-592.
 FACTS
The instant personal injury case is the second action brought by these plaintiffs against the same defendants. The first suit was commenced in or about August, 1998, and alleged that the plaintiff, George Stevenson, was injured when he was struck by a wall-mounted television/VCR stand while he was in the coffee break room at his employer Parts USA store. His wife, co-plaintiff, brings a loss of consortium claim. On or about November, 1998, the defendant, Barr, filed a Request that the original complaint be Revised. This Request was not responded to and the defendant, relying on Practice Book § 10-37 moved to nonsuit the plaintiff for failure to plead over. That motion was reclaimed on May 26, 1999 and again on July 22, 1999. The nonsuit was granted August 9, 1999 (Hurley, J.). The plaintiffs made no attempt to open the judgment of nonsuit or have the case restored to the docket within four months as provided by Practice Book § 17-43.
In addition to the plaintiffs' failure to respond in any way to either defendants' request to revise or motion for nonsuit, the plaintiffs did not respond to the defendants' written discovery requests which were propounded on October 29, 1998 in the first action. No motion for extension of time or objection was ever filed. A motion for order pursuant to Practice Book § 13-14 was filed on May 27, 1999. That motion was not responded to and was granted by Judge Hurley on June 18, 1999. Additionally, a motion for nonsuit for failure to comply with discovery was filed by the defendant on April 15, 1999. It too was never responded to and was granted by Judge Hurley on July 8, 1999. On August 5, 1999, the defendant filed a motion for sanctions which was never acted on because of the dismissal on August 9, 1999. In the instant complaint, the plaintiffs allege in their so-called accidental failure of suitrepresentations that counsel just learned of the entry of nonsuit on July 5, 2000 (the complaint is dated July 6, 2000). But, on argument and in the verified pleading filed by counsel at argument, counsel for the plaintiffs now apparently claim that he knew the nonsuit had been entered CT Page 15971 and asked his secretary to file a motion to open.[1] This representation apparently is a response to the non-suit related to the orders entered July 8, because of the failure to comply with discovery, but not the dismissal entered on August 9 because of the failure to plead to which no response was ever made. Nevertheless, counsel for the plaintiffs indicate that he instructed his secretary to file a motion to open within four months and to comply with discovery. Lastly, the complaint in the instant action dated July 6, 2000 contains exactly the same allegations as the original complaint filed in 1998, including the allegations which were ordered revised by virtue of the plaintiffs' failure to respond to the Request to Revise.
 DISCUSSION
"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 10-30. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). The grounds which may be asserted in a motion to dismiss are "(1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution ControlAuthority, 195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 10-31.
In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Pamela B. v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . ." Barde v. Board of Trustees, 207 Conn. 59, 62539 A.2d 1000 (1988).
General Statutes § 52-592 provides in pertinent part: "if a judgment of nonsuit has been rendered . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . ." General Statutes § 52-592 is a remedial statute, which is to be "liberally interpreted." Bocchino v. Nationwide Mutual Fire Insurance Company,246 Conn. 378, 385, 716 A.2d 883 (1998); Lacasse v. Burns, 214 Conn. 464,471, 572 A.2d 357 (1990). "[A] judgment of dismissal under [Practice CT Page 15972 Book] § 251 [now § 14-3] is a final judgement for purposes of appeal."[2] (Internal quotation marks omitted.) Morelli v. Manpower,Inc., 226 Conn. 831, 836, 628 A.2d 1311 (1993). "[P]ursuant to General Statutes § 52-592 the dismissal . . . may be followed by reinstitution of the underlying claim regardless of whether a motion to open the judgment has been filed." Id.
"[A] plaintiff's ability to rely on § 52-592 is limited to those cases where the § 251 [now 14-3] dismissal is rendered after the case failed because of accident or simple negligence." Skibeck v. Avon,24 Conn. App. 239, 242-43, 587 A.2d 166, cert. denied, 219 Conn. 912,593 A.2d 138 (1991). (1991). "Disciplinary dismissals do not, in all cases, demonstrate the occurrence of misconduct so egregious as to bar recourse to § 52-592." Ruddock v. Burrowes, 243 Conn. 569, 576,706 A.2d 967 (1998).
"The Connecticut Supreme Court has noted that although § 52-592(a) is remedial and, therefore, warrants a broad construction, the court is also saddled with the additional concern of caseflow management of a crowded docket." Freeman v. King, Superior Court, judicial district of New London at New London, Docket No. 118911, (February 16, 2000, Hurley, J.), citing Ruddock v. Burrowes. Id., 575. The Ruddock court stated:
 Our judicial system cannot be controlled by the litigants and cases cannot be allowed to drift aimlessly through the system. In the event of noncompliance with a court order, the directives of caseflow management authorize the trial courts, in appropriate circumstances, take action against either the errant attorney or litigant who freely chose the attorney. Id., 575.
 To enable a plaintiff to meet the burden of establishing the right to avail himself or herself of the statute, a plaintiff must be afforded an opportunity to make a factual showing that the prior dismissal was a matter of form in the sense that the plaintiff's noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect. Id., 577. § 52-592(a) affords no relief in cases in which a plaintiff's prior action was dismissed because the plaintiff withdrew it voluntarily . . . or consented to its dismissal. Such consent may be inferred from a plaintiff's failure to file a memorandum in opposition to a defendant's motion to strike. . . .(Citations omitted.) Id.
CT Page 15973
There is a clear distinction between accident, mistake or other reasonable cause, which will support the setting aside of a nonsuit or dismissal, and negligence, which will not. The Supreme Court has long held that negligence is no ground for vacating a judgment, and that the denial of a motion to open a nonsuit judgment should not be held an abuse of discretion where the failure to prosecute the claim was the result of negligence. Privitera v. Murphy, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 0574415S (May 5, 1998, Aurigemma, J.) (court denied motion to dismiss even though plaintiff did not respond to discovery requests after a year and court ordered her to respond).
Dismissals under § 14-3 rendered because of simple neglect can be overcome by the broad, remedial provisions of § 52-592. Maubert v.Southern New England Tele., Superior Court, judicial district of Windham at Putnam, Docket No. 053523 (July 1, 1997, Sferrazza, J.). See also Birov. Sidley and Austin, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149415 (October 1, 1996, Tobin J.) (the trial court denied a motion to strike a complaint filed under § 52-592 where the 251 dismissal was rendered for failure to comply with three discovery orders); Gagliardi v. Home Depot, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 337743 (June 10, 1993, Gray J.) (the trial court denied a motion to dismiss an action reinstituted under § 52-592 which had been dismissed under § 251 for failure to comply with discovery requests); Perlmutter v.DL Transportation, Superior Court, judicial district of Waterbury, Docket No. 122688 (December 9, 1994, Sullivan J.) ( being twice dismissed under the dormancy guidelines was not so egregious to bar renewal of suit under § 52-592); Maclaughlin v. Capital Housing Finance Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 340473, (December 17, 1993, Licari, J.) (a single § 251 dismissal was regarded as insufficient to prevent a second action under § 52-592).
"The [trial] court must determine whether the party's diligence falls within the `reasonable' section of the diligence spectrum." Lacasse v.Burns, supra, 214 Conn. 474. "Ruddock . . . requires the court to look for a pattern of dilatory behavior." Gillum v. Yale University, Superior Court, judicial district of New Haven at New Haven, Docket No. 409666 (December 23, 1998, Blue J.).
In this case, the plaintiffs did not use reasonable diligence in pursuing their case. They did not use reasonable diligence in responding to the request to revise of November 16, 2000; did not respond to the request to revise either by objection, nor by requesting an extension of time or revising the complaint. The plaintiffs do not provide a reason CT Page 15974 for this jack of response. The failure to respond to the request to revise was the basis of the motion for nonsuit for failure to plead that was granted.
The plaintiffs were not diligent in responding to the discovery requests. In fact, he plaintiffs did nothing. The plaintiffs have ignored the discovery deadlines. Nor it does not appear that plaintiffs' counsel used reasonable diligence in obtaining the discovery requested from Pennsylvania counsel. Counsel points to mistakes and confusion made by the Pennsylvania counsel as a basis for his filing the new complaint under the accidental failure of suit statute. The confusion the Pennsylvania counsel was having was apparently documented in his file. Counsel thus should have been aware of the confusion on the part of the out-of-state counsel and should have assisted the out-of-state counsel or at the very east sought an extension of time. There are no documents brought to the court's attention wherein counsel urged forwarding counsel to comply or warned plaintiffs of the consequences of doing nothing. Counsel's failure respond to the discovery requests was not caused by mistake, excusable neglect or inadvertence, it was caused by inaction.
Counsel did not object or respond to the filing of the motion for nonsuit for failure to plead in anyway and does not provide any reason for not responding. Counsel admits that he was aware of the granting of the nonsuit although the complaint of July 6, 2000 claims that he did not know of the nonsuit. Counsel has not explained in any way the nonsuit for failure to plead.
Counsel did not use reasonable diligence in assuring that the nonsuit was opened and it was not because of an accident, mistake, inadvertence or excusable neglect. The plaintiffs had an opportunity to file a motion to open the nonsuits, but did not. Counsel claims that his secretary made a mistake in not timely filing the motion to open. In fact, the plaintiffs' lackadaisical and dilatory conduct resulted in the orders which were entered. The plaintiffs did nothing to respond to numerous pleadings, motions or requests filed by Barr. This is not inadvertence, but negligent and dilatory conduct.
Not only did the plaintiffs do absolutely nothing in the prosecution of their lawsuit, but they now seek to re-file the original complaint thereby avoiding the preclusionary order which was obtained by the defendants because of the plaintiffs' failure to respond to the request to revise. This would have the effect of rewarding the plaintiffs for their dilatory conduct and punishing the defendant.
"[Section] 52-592(a) affords no relief in cases in which a plaintiff's prior action was dismissed because the plaintiff withdrew it voluntarily CT Page 15975 . . . or consented to its dismissal. Such consent may be inferred from a plaintiff's failure to file a memorandum in opposition to a defendant's motion to strike. . . ." (Citations omitted.) Ruddock v. Burrowes, supra, 243 Conn. 576. Section 52-592(a) does not provide the plaintiffs protection due to the pattern of behavior that lead to the dismissal of the plaintiffs case. Therefore, the defendant Barr's motion to dismiss is granted.
McLachlan, J.