[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
 I. PROCEDURAL HISTORY
On June 25, 1995, an accident took place giving rise to the plaintiffs' claims. The plaintiffs filed a complaint dated April 2, 1997, Docket No. CV97-0480092S. The defendants sent the plaintiffs interrogatories and requests for production, which were dated April 24, 1997. The defendants filed a motion for nonsuit dated June 24, 1997, asserting that the plaintiffs failed to comply with these requests. On July 28, 1997, the court, Graham, J., granted the motion for nonsuit unless the plaintiffs complied within twenty-one days. The plaintiffs filed a notice of compliance with the discovery requests dated August 19, 1997. The defendants filed a motion for order of compliance dated September 19, 1997, because the plaintiffs failed to substantially satisfy the defendants' requests. On October 6, 1997, the court, Holzberg, J., granted the motion for compliance and ordered that a nonsuit be entered CT Page 3453 unless the plaintiffs complied by October 25, 1997. The defendants filed a motion for judgment of nonsuit dated October 28, 1997, for the plaintiffs' failure to comply with requests by October 25, 1997, as ordered by the court. Judgment of nonsuit was entered against the plaintiffs on December 1, 1997 by the court, Holzberg, J.
Thereafter, the plaintiffs moved to set aside the nonsuit. Their motion to set aside the nonsuit was dated December 30, 1997, however, the certification page indicated that it was mailed to opposing counsel on February 26, 1998. The defendants objected to the plaintiffs' motion to set aside the nonsuit. On February 8, 1999, the plaintiffs filed their short calendar claim slip claiming their motion to set aside the nonsuit judgment. The defendants filed an additional objection. On June 16, 1999, the court, Graham, J., denied the motion to set aside the nonsuit.
The plaintiffs filed a complaint dated July 20, 1999, which had a return date of August 17, 1999. This complaint was subsequently amended on July 2, 2001. The amended complaint asserts the same claims as the original action. On September 18, 2001, defendant Anthony Frisina filed a motion for summary judgment. On October 29, 2001, defendants Derek Paluch and Anna Paluch filed a motion for summary judgment. Frisina and the Paluchs (collectively "defendants") filed memoranda of law, affidavits from their respective attorneys and other supporting documentation demonstrating the factual history of the first action. The plaintiffs filed objections and supporting memoranda of law in opposition to defendants' motions for summary judgment, but have not filed any supporting affidavits or other documentation.
 II. DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751,660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) QSP, Inc. v. AetnaCasualty Surety Co., 256 Conn. 343, 351, 773 A.2d 906 (2001). The movant has the burden of demonstrating the absence of any genuine issue of material fact. Miller v. United Technologies Corp., supra,233 Conn. 751-52. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of CT Page 3454 material fact." (Internal quotation marks omitted.) Appleton v. Board ofEducation, 254 Conn. 205, 209, 757 A.2d 1059 (2000). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). "`Issue of fact' encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,379, 260 A.2d 596 (1969). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof" Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 795, 653 A.2d 122 (1995).
A defendant's motion for summary judgment should be granted if it "raises at least one legally sufficient defense that would bar the plaintiffs claim and involves no triable issue of fact." (Internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 424,727 A.2d 1276 (1999). "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800,806, 679 A.2d 945 (1996). Summary judgment is appropriate on statute of limitations grounds when the "material facts concerning the statute of limitations [are] not in dispute. . ." Burns v. Hartford Hospital,192 Conn. 451, 452, 472 A.2d 1257 (1984).
The defendants move for summary judgment as to the plaintiffs' amended complaint on the grounds that the applicable statute of limitations, General Statutes § 52-584, has expired and that the accidental failure of suit statute, General Statutes § 52-592, is inapplicable. Specifically, they argue that the present complaint was not filed within one year of the dismissal of the first complaint as required by §52-592 and, therefore, is barred by the applicable statute of limitations. General Statutes § 52-584. The defendants contend that the plaintiff waited over one year and seven months after the motion for nonsuit was granted before instituting the present action. The defendants further argue that for policy reasons the plaintiffs should not be able to avail themselves of the accidental failure of suit statute because if the court were to allow the plaintiffs to invoke the accidental failure of suit statute in this case, it would be sending the message that cases could sit for an indefinite period of time, thereby disrupting caseflow management, which ultimately is detrimental to the defendants. The defendants also maintain that they are entitled to summary judgment because the reason for the prior dismissal was not for a "matter of form," as required under § 52-592. CT Page 3455
In their opposition memorandum, the plaintiffs argue that the one-year statute of limitations under § 52-592 does not begin to run until after the court's denial of the motion to reopen the nonsuit, which the plaintiffs timely filed. The plaintiffs further argue that the dismissal was for a matter of form and not for a lack of due diligence.
General Statutes § 52-592, the accidental failure of suit statute reads in pertinent part: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because. . . the action has been dismissed . ., for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."
The defendants rely on the Superior Court cases that stand for the proposition that a matter is "determined" within the meaning of General Statutes § 52-592 when a nonsuit is entered and not when a motion to reopen or to restore is denied. See McDowell v. Home Depot U.S.A., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 36438 (June 12, 2001, Rush, J.); Jonas v. Unsmoke Services. Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 388354 (June 6, 1991, Maloney, J.); Lee v. Phillips, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 352222 (November 29, 1988, Corrigan, J.) (4 CSCR 43); Morrisette v.Archambault, 31 Conn. Sup. 302, 304, 329 A.2d 622 (1973). According to the defendants, the one-year statute of limitations began to run when the nonsuit was granted on December 1, 1997. Therefore, they conclude, the plaintiffs had until December 1, 1998, to bring this second action under § 59-592.
The plaintiffs, on the other hand, rely on Morelli v. Manpower, Inc.,226 Conn. 831 (1993), to support their position that the one-year statute of limitations began to run upon the denial of the motion to reopen.Morelli dealt with the appealability of a denial of a motion to open a Practice Book § 251 (now § 14-3) dismissal. In its reasoning, concluding that the denial is appealable, the court said the following: "In terms of finality, we can perceive no difference between the judgment of dismissal itself and the denial of a motion to open that judgment. Because pursuant to General Statutes § 52-592, the accidental failure of suit statute, both the dismissal and the denial of a motion to open the dismissal may be followed by reinstitution of the underlying claim regardless of whether a motion to open the judgment has been filed . . . there is nothing less `final' about the denial of a motion to open the CT Page 3456 judgment of dismissal than there is about the judgment of dismissal itself" (Citations omitted.) Morelli v. Manpower, Inc., supra,226 Conn. 836-37.
Under the plaintiffs' theory, since the court did not act on the motion to reopen until June 16, 1999, the plaintiffs filed their complaint within the one-year statute of limitations of § 52-592, when they filed their complaint on July 20, 1999. A number of other Superior Court Judges have concluded, based on this language in Morelli, that a matter is "determined" when the motion to reopen is denied. See Leonard v.Lucas, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 356286 (December 24, 1998, Skolnick, J.); Duhig v. Bengston, Superior Court, judicial district of Meriden, Docket No. 255822 (March 11, 1997, DiPentima, J.) (19 Conn.L.Rptr. 17); Polesak v. MedicalLaboratory Service, Superior Court, judicial district of Bridgeport, Docket No. 339545 (July 17, 1997, Skolnick, J.) (20 Conn.L.Rptr. 97).
This court finds more persuasive the reasoning of the cases that provide that the one-year statute begins to run upon the denial of motion to reopen. Accordingly, when the court issued its order denying the motion to reopen on June 16, 1999, the one-year statute began to run. Since the suit was brought on July 20, 1999, it was filed within the one-year statute of § 52-592. Therefore, the court denies the defendants' motions for summary judgment on this basis.
The defendants further assert that they are entitled to summary judgment as a matter of law because the reason for the prior dismissal was not for a "matter of form," as required under § 52-592. InRuddock v. Burrowes, 243 Conn. 569, 706 A.2d 967 (1998), the Supreme Court considered whether a disciplinary dismissal properly may be characterized as a dismissal "for any matter of form" for purposes of obtaining relief pursuant to § 52-592. The Supreme Court concluded that whether the dismissal of a prior proceeding permitted a plaintiff recourse under § 52-592 "depends upon the nature and the extent of the conduct that led to the disciplinary dismissal." Id., 570.
"To enable a plaintiff to meet the burden of establishing the right to avail himself or herself of the statute, a plaintiff must be afforded an opportunity to make a factual showing that the prior dismissal was a `matter of form' in the sense that the plaintiffs noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect." Id., 576-77; see General Statutes § 52-212. The question, therefore, is whether the judgment of dismissal in the original action was a result of the plaintiffs' mistake, inadvertence or excusable neglect. CT Page 3457
In this case, the defendants filed interrogatories and requests for production. (Paluchs' Memorandum, Exhibit A.) The defendant filed a motion for nonsuit because of the plaintiffs' failure to comply with the requests. (Paluchs' Memorandum, Exhibit B.) On July 28, 1997, the court,Graham, J., granted the motion unless the plaintiffs complied within twenty-one days. (Paluchs' Memorandum, Exhibit C.) On August 19, 1997, the plaintiff filed a notice of compliance with these requests. (Paluchs' Memorandum, Exhibit D.) The defendants filed a motion for order of compliance on September 19, 1997, because the plaintiffs' compliance substantially failed to satisfy the discovery requests. (Paluchs' Memorandum, Exhibit E.) The order was granted unless the plaintiffs complied. (Paluchs' Memorandum, Exhibit F.) The plaintiffs did not comply and nonsuit was entered on December 1, 1997. (Paluchs' Memorandum, Exhibit H.) The plaintiffs filed a motion to set aside the nonsuit on the ground that the documents that were needed for compliance had been requested but not yet received. (Paluchs' Memorandum, Exhibit I.) As previously indicated, the nonsuit was dated December 30, 1997, but the certification page disclosed that the motion was sent to the defendants' counsel on February 26, 1998. (Frisina's Memorandum, Exhibit 7.)
The defendants objected to the plaintiffs' motion to set aside the nonsuit. Id. On February 8, 1999, the plaintiffs filed their short calendar claim slip claiming their motion to set aside the defendants' nonsuit. Id. On June 16, 1999, the court, Graham, J., denied the motion to set aside the nonsuit. (Frisina's Memorandum, Exhibit 10.)
The plaintiffs have not submitted affidavits or supporting documentation to establish that the plaintiffs' noncompliance with court orders occurred in circumstances such as mistake, inadvertence or excusable neglect. In their memoranda the plaintiffs merely state that they did not deliberately defy discovery orders. They argue that they were unable to comply with the discovery orders because the documents that were needed for compliance had been requested but had not been received. The plaintiffs have not presented any evidence to the court establishing the difficulties they had in obtaining discovery. The record simply does not support their position.
It is true that on occasion there are "legitimate reasons for a party's inability to comply with discovery, especially when that discovery involves the gathering of documents in the hands of third parties."Eberhardt v. Conway, Superior Court, judicial district of New Haven at New Haven, Docket No. 445618 (September 18, 2001, Blue, J.). It is equally true that "[o]ur judicial system cannot be controlled by the litigants and cases cannot be allowed to drift aimlessly through the system. . . . In the event of noncompliance with a court order, the directives of caseflow management authorize trial courts, in appropriate CT Page 3458 circumstances, to take action against either the errant attorney or the litigant who freely chose the attorney." (Citations omitted; internal quotation marks omitted.) Ruddock v. Burrowes, supra, 243 Conn. 575.
The accidental failure of suit statute is remedial in nature and, therefore, warrants a broad construction. Id. Nevertheless, General Statutes § 52-592 (a) "should not be construed so liberally as to render statutes of limitation virtually meaningless." Pintavalle v.Valkanos, 216 Conn. 412, 417, 581 A.2d 1050 (1990). To allow the plaintiffs to bring a suit in July 20, 1999, against the defendants concerning an incident that occurred on June 25, 1995, over four years later, would render the applicable two-year statute of limitations meaningless under the circumstances presented.[1]
The plaintiffs, have failed to make a factual showing that the prior dismissal was for a "matter of form" in the sense that the plaintiffs' noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect. See Ruddock v. Burrowes, supra, 243 Conn. 576-77. Accordingly, the court grants the defendants' motions for summary judgment.
 III. CONCLUSION
For the foregoing reasons, the defendants' motions for summary judgment are granted.
BY THE COURT
Peter Emmett Wiese, Judge